IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETHANY KATZ, on behalf of herself and those similarly situated,<br>325 Thornbrook Ave.<br>Rosemont, PA 19010<br><br>        Plaintiffs,<br>  v.<br><br>DNC SERVICES CORPORATION d/b/a DEMOCRATIC NATIONAL COMMITTEE<br>430 South Capitol St. Southeast<br>Washington, DC 20003<br><br><br>and<br><br>PENNSYLVANIA DEMOCRATIC COMMITTEE<br>1801 Market St. Ste. 1500<br>Philadelphia, PA 19103<br><br>        Defendants. | INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT<br><br>DOCKET NO:<br><br><br><br>**JURY TRIAL DEMANDED** |

**INDIVIDUAL, COLLECTIVE, AND CLASS ACTION CIVIL COMPLAINT**

Named Plaintiff Bethany Katz (hereinafter "Named Plaintiff"), individually and on behalf of herself and those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendants DNC Services Corp. d/b/a Democratic National Committee and Pennsylvania Democratic Committee (hereinafter collectively referred to as "Defendants").

This case seeks compensation on behalf of all Organizers who worked for Defendants tirelessly while being denied overtime compensation guaranteed by federal and state law. Specifically, Named Plaintiff alleges that she and other Organizers were employed in non-exempt positions to assist in a nationally coordinated Democratic "ground game" which sought

1

to increase the Democratic vote.  The Organizers' job duties consisted of assisting in voter registration, handing out paperwork and forms to potential voters in person, reminding potential voters of deadlines, and soliciting volunteers.  Organizers were expected and did work long hours and weekends, and regularly worked in excess of 80 to 90 hours per workweek.  Rather than hiring additional staff to reduce the extraordinary workload assigned to Organizers, and rather than paying overtime as required by the FLSA, Defendants instead willfully engaged in a course of conduct in violation of state and federal law by requiring Organizers to work long hours without providing any overtime compensation to Organizers.  Defendants unlawfully and erroneously treated Organizers as exempt employees under state and federal law. Named Plaintiff now seeks relief on behalf of all Organizers nationwide who were denied the benefits of overtime guaranteed by federal and state law.

## INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA").  Named Plaintiff asserts that Defendants erroneously designated Named Plaintiff and those similarly situated ("Collective Action Plaintiffs") as exempt employees under the FLSA, and consequently, failed to pay overtime premiums for hours worked beyond 40 per workweek by Named Plaintiff and Collective Action Plaintiffs.

2. Additionally, Named Plaintiff has initiated the instant action to redress violations by Defendants of the Pennsylvania Minimum Wage Act ("PMWA").  Named Plaintiff asserts that Defendants erroneously treated Named Plaintiff and other similarly situated Pennsylvania employees ("Pennsylvania Plaintiffs") as exempt employees under the PMWA, and consequently, failed to pay overtime premiums for hours worked beyond 40 per workweek by Named Plaintiff and Pennsylvania Plaintiffs.

**JURISDICTION AND VENUE**

3.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq.* This Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

4.      This Court may properly maintain personal jurisdiction over Defendants because Defendant PDC is domiciled in the Commonwealth of Pennsylvania and Defendant DNC regularly conduct business in this Commonwealth.

5.      Venue is properly laid in this judicial district pursuant to 29 U.S.C. § § 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**PARTIES**

6.      Named Plaintiff Bethany Katz is an adult individual with an address as set forth above in the caption.

7.      "Collective Action Plaintiffs" refers to individuals who are current and/or former employees of the DNC Services Corp. ("DNC") and/or the Pennsylvania Democratic Committee ("PDC") who held the job title of "Organizer" and/or who performed job duties consistent with that of an "Organizer" within the last three (3) years.

8.      "Pennsylvania Plaintiffs" refers to individuals who are current and/or former employees of the DNC Services Corp. ("DNC") and/or the Pennsylvania Democratic Committee ("PDC") who held the job title of "Organizer" and/or who performed job duties in Pennsylvania consistent with that of an "Organizer" within the last three (3) years.

9. DNC is responsible for governing the Democratic National Party, and raises money, hires staff, and coordinates strategy to support candidates throughout the United States for local, state, and national office.

10. PDC is responsible for governing the Pennsylvania Democratic Party and raises money, hires staff, and coordinates strategy to support candidates throughout the Commonwealth of Pennsylvania for local, state, and national office.

11. Upon information and belief, DNC coordinates and directs strategic initiatives directly with PDC, including in strategizing and focusing on voter registration drives, get out the vote initiatives, canvassing, and phone calling. DNC's coordination and direction includes directing PDC, along with other state democratic committees, to hire and retain organizers to assist in voter registration drives, get out the vote initiatives, canvassing, and phone calling. DNC further directs PDC regarding the qualifications and job duties of organizers, and further directs PDC to classify organizers as overtime-exempt under state and federal law.

12. Upon information and belief, many of the strategic initiatives for which organizers of PDC, including Named Plaintiff and Pennsylvania Plaintiffs, perform job duties are initiatives which are designed and implemented by DNC and which are performed to benefit DNC.

13. Upon information and belief, the DNC and PDC share resources and funds to assist in the DNC's nationally coordinated campaign.

14. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FLSA COLLECTIVE ACTION ALLEGATION**

15. Named Plaintiff brings this action for violations of the FLSA as an individual action and as collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were employed as organizers or in job titles with similar duties, individually or jointly, by the PDC, DNC, and all other state democratic committees, and who were classified by Defendants as "exempt" from the overtime requirements of the FLSA.

16. Named Plaintiff and Collective Action Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

17. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join the present lawsuit.

18. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

19. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

**PENNSYLVANIA CLASS ACTION ALLEGATIONS**

20. Named Plaintiff brings this action for violations of the Pennsylvania Minimum Wage Act as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who performed worked or work as organizers or in similar positions in the Commonwealth of Pennsylvania who were treated as exempt from overtime by DNC and/or

PDC and who worked in this capacity at any point in the three (3) years preceding the date the instant action was initiated.

21. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least forty.

22. Named Plaintiff's claims are typical of the claims of the Pennsylvania Plaintiffs, because Named Plaintiff, like all Pennsylvania Plaintiffs, was an employee of Defendants within the last three years in Pennsylvania, held the job title of "organizer," was classified by PDC/DNC as an exempt employee, and was not paid overtime premiums for hours worked beyond 40 per workweek.

23. Named Plaintiff will fairly and adequately protect the interests of the Pennsylvania Plaintiffs because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

24. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from PDC's records.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish

incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendants.

26. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether the duties of organizers qualify for any recognized exemption to overtime.

## FACTUAL BACKGROUND

27. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

28. Named Plaintiff was directly employed by PDC as an "organizer" from June of 2016 through August of 2016.

29. Upon information and belief, PDC is vertically integrated with DNC, and consequently, is a joint employer of all organizers employed by PDC.

30. Upon information and belief, DNC is vertically integrated with all other state democratic committees and is consequently a joint employer of all organizers employed by any state democratic committee.

31. Collective Action and Class Plaintiffs worked/work for PDC and/or DNC during the last three years as organizers.

32. Named Plaintiff's job duties as an "organizer" consisted of making phone calls to voters, assisting in voter registration efforts, soliciting volunteers, and canvassing.

33. Named Plaintiff's job duties did not relate to the management or general business operations of PDC and/or DNC.

34. Named Plaintiff's job duties did not allow the use of discretion and independent judgment with respect to matters of significance.

35. Named Plaintiff had non-exempt job duties at all time while employed by PDC and DNC.

36. Collective Action and Class Plaintiffs job duties consisted of making phone calls to voters, assisting in voter registration efforts, soliciting volunteers, and canvassing.

37. Collective Action and Class Plaintiffs' job duties did not relate to the management or general business operations of PDC and/or DNC.

38. Named Plaintiff regularly worked more than 12 hours per day and at times worked more than 14 hours per day.

39. Named Plaintiff regularly worked 7 days per workweek.

40. Named Plaintiff regularly worked more than 80 hours per workweek.

41. Defendants paid Named Plaintiff a salary of $3,000 per month, and paid no extra compensation for any hours worked beyond 40 per workweek.

42. Upon information and belief, Collective Action and Class Plaintiffs regularly worked more than 40 hours per workweek.

43. Upon information and belief, Defendants paid Collective Action and Class Plaintiffs a salary, and paid no extra compensation for any hours worked beyond 40 per workweek.

## COUNT I
### Violations of the Fair Labor Standards Act
**(Failure to Pay Overtime)**
**Named Plaintiff and Collective Action Plaintiffs v. Defendants**

44. The foregoing paragraphs are incorporated herein as if set forth in full.

45. At all times relevant herein, PDC was vertically integrated with DNC making PDC and DNC joint employers under the FLSA.

46. At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of the FLSA.

47. At all times relevant herein, Named Plaintiff and Collective Action Plaintiffs were/are "employees" within the meaning of the FLSA.

48. The FLSA requires employers, such as Defendants, to compensate employees, such as Named Plaintiff and Collective Action Plaintiffs, overtime at 1.5 times their regular rate for hours worked beyond 40 per workweek.

49. Defendants misclassified Named Plaintiff and Collective Action Plaintiffs as exempt from the overtime mandate of the FLSA.

50. Named Plaintiff and Collective Action Plaintiffs regularly worked more than 40 hours per workweek.

51. Defendants failed to pay any overtime premiums for work beyond 40 hours per workweek to Named Plaintiff and Collective Action Plaintiffs.

52. Defendants willfully failed to compensate Named Plaintiff and Collective Action overtime compensation.

53. As a result of Defendants' failure to pay overtime premiums for overtime worked to Named Plaintiffs and Collective Action Plaintiffs, Defendants have violated and continue to violate the FLSA.

**COUNT II**
**Violations of the Pennsylvania Minimum Wage Act**
**(Failure to Pay Overtime)**
**Named Plaintiff and Pennsylvania Plaintiffs v. Defendants**

54. The foregoing paragraphs are incorporated herein as if set forth in full.

55. At all times relevant herein, PDC was vertically integrated with DNC making PDC and DNC joint employers under the PMWA.

56. Defendants violated the PMWA by failing to pay overtime premiums for work in excess of 40 hours per workweek performed by Named Plaintiff and Pennsylvania Plaintiffs

57. As a result of Defendants' conduct, Named Plaintiff and Pennyslvania Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

(1) PDC and DNC are a joint employer under the FLSA and PMWA;

(2) The instant matter will be adjudicated on a class and collective basis on behalf of all individuals currently or formerly employed as organizers by the DNC and/or PDC;

(3) Defendants are to be prohibited from continuing to maintain their policies, practices or customs in violation of state laws and principles of equity;

(4) Defendants are to compensate, reimburse, and make Named Plaintiff, Collective Action Plaintiffs, and Pennsylvania Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings. Named Plaintiff, Collective Action Plaintiffs, and Pennsylvania Plaintiffs should be accorded those benefits illegally withheld;

(5) Named Plaintiff, Collective Action Plaintiffs, and Pennsylvania Plaintiffs are to be awarded liquidated damages as applicable under the laws they are suing under an amount equal to the actual damages in this case;

(6) Named Plaintiff, Collective Action Plaintiffs, and Pennsylvania Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

(7)     Any and all other equitable relief which this Court deems fit.

Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: November 9, 2016

## DEMAND TO PRESERVE EVIDENCE

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's, Collective Action Plaintiffs', and Pennsylvania Plaintiffs' employment, to Named Plaintiff's, Collective Action Plaintiffs', and Pennsylvania Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury.

                                                Respectfully Submitted,

                                                */s/ Justin L. Swidler*
                                                Justin L. Swidler, Esq.
                                                **SWARTZ SWIDLER, LLC**
                                                1101 Kings Highway North, Suite 402
                                                Cherry Hill, NJ 08034
                                                Phone: (856) 685-7420
                                                Fax: (856) 685-7417

## DESIGNATION OF TRIAL COUNSEL

Justin L. Swidler, Esquire, of the law firm of Swartz Swidler, LLC, is hereby designated trial counsel.

Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417