**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BETHANY KATZ, on behalf of herself and all those similarly situated, 325 Thornbrook Ave. Rosemont, PA 19010<br><br>and<br><br>GABRIEL SMITH, on behalf of himself and all those similarly situated, 13831 Silverdust Lane Chester, VA 23836<br><br>and<br><br>THOMAS OLSEN, on behalf of himself and all those similarly situated, 3224 Troost Ave. Kansas City, MO 64109<br><br>and<br><br>RYAN GLASS, on behalf of himself and all those similarly situated, 205 Brokenbridge Rd. Yorktown, VA 23692<br><br>and<br><br>MARCUS PRICE, on behalf of himself and all those similarly situated, 819 Seldon Dr. Charlotte, NC 28208<br><br>and<br><br>CHRISTIAN TORRES, on behalf of himself and all those similarly situated, 1343 E 9th St. Tucson, AZ 85719<br><br>and | FIRST AMENDED INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT<br><br>DOCKET NO: 16-5800<br><br><br>**JURY TRIAL DEMANDED** |

1

SCOTT WARD, on behalf of himself and
all those similarly situated,
725 Wagner Dr.,
Battle Creek, MI 49017

        Plaintiffs,
    v.

DNC SERVICES CORPORATION d/b/a
DEMOCRATIC NATIONAL
COMMITTEE
430 South Capitol St. Southeast
Washington, DC 20003

and

PENNSYLVANIA DEMOCRATIC
PARTY
1801 Market St. Ste. 1500
Philadelphia, PA 19103

and

FLORIDA DEMOCRATIC PARTY
214 S Bronough St.
Tallahassee, FL 32301

and

NORTH CAROLINA DEMOCRATIC
PARTY
220 Hillsborough Street
Raleigh, NC 27603

and

MISSOURI DEMOCRATIC PARTY
208 Madison Street,
Jefferson City, MO 65101

and

VIRGINIA DEMOCRATIC PARTY
919 East Main Street, Suite 2050
Richmond, VA 23219

and

ARIZONA DEMOCRATIC PARTY
2910 North Central Ave
Phoenix, AZ 85012

and

MICHIGAN DEMOCRATIC PARTY
606 Townsend
Lansing, MI 48933

    Defendants.

## FIRST AMENDED
## INDIVIDUAL, COLLECTIVE, AND CLASS ACTION CIVIL COMPLAINT

  Named Plaintiffs Bethany Katz ("Named Plaintiff Katz"), Gabriel Smith ("Named Plaintiff Smith"), Thomas Olsen ("Named Plaintiff Olsen"), Ryan Glass ("Named Plaintiff Glass"), Marcus Price ("Named Plaintiff Price"), Christian Torres ("Named Plaintiff Torres"), Scott Ward ("Named Plaintiff Ward") (collectively "Named Plaintiffs") individually and on behalf of themselves and those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendants DNC Services Corp. d/b/a Democratic National Committee ("Defendant DNC"), the Pennsylvania Democratic Party ("Defendant PDP"), the Florida Democratic Party ("Defendant FDP"), the Missouri Democratic Party ("Defendant MODP"), the Virginia Democratic Party ("Defendant VDP"), the North Carolina Democratic Party ("Defendant NCDP"), the Arizona Democratic Party ("Defendant ADP"), and the Michigan Democratic Party ("Defendant MIDP") (hereinafter collectively referred to as "Defendants").

  This case seeks compensation on behalf of all Organizers who worked for Defendants tirelessly while being denied overtime compensation guaranteed by federal and state law.

Specifically, Named Plaintiffs allege that they and other Organizers were employed in non-exempt positions to assist in a nationally coordinated Democratic "ground game" which sought to increase the Democratic vote.

Even while Defendants campaigned to enhance and expand the ability of low and middle income people to be paid a fair salary and overtime, those same principles were ignored in denying their own Organizers overtime pay for the extremely long hours required by campaign work. Organizers are dedicated people who worked for Defendants because they were and remain committed to Defendants' platform, program, and ideals; they bring this lawsuit not to challenge those ideals but to vindicate them, and in so doing, do their part to ensure the continued viability of the rights created by and enshrined in the Fair Labor Standards Act of 1938 and the other laws alleged herein to be violated.

The Organizers' job duties consisted of assisting in voter registration, handing out paperwork and forms to potential voters in person, reminding potential voters of deadlines, and soliciting volunteers.  Organizers were expected and did work long hours and weekends, and regularly worked in excess of 80 to 90 hours per workweek.  Rather than hiring additional staff to reduce the extraordinary workload assigned to Organizers, and rather than paying overtime as required by the FLSA, Defendants instead willfully engaged in a course of conduct in violation of state and federal law by requiring Organizers to work long hours without providing any overtime compensation to Organizers.   Defendants unlawfully and erroneously treated Organizers as exempt employees under state and federal law. Named Plaintiffs seek relief on behalf of all Organizers nationwide who were denied the benefits of overtime guaranteed by federal and state law.

## INTRODUCTION

1.      Named Plaintiffs have initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA").  Named Plaintiffs assert that Defendants erroneously designated Named Plaintiffs and those similarly situated ("Collective Action Plaintiffs") as exempt employees under the FLSA, and consequently, failed to pay overtime premiums for hours worked beyond 40 per workweek by Named Plaintiffs and Collective Action Plaintiffs.

2.      Additionally, Named Plaintiff Katz has initiated the instant action to redress violations by Defendants of the Pennsylvania Minimum Wage Act ("PMWA") and for civil conspiracy.  Named Plaintiff Katz asserts that Defendants erroneously treated Named Plaintiff Katz and other similarly situated Pennsylvania employees ("Pennsylvania Plaintiffs") as exempt employees under the PMWA, and consequently, failed to pay overtime premiums for hours worked beyond 40 per workweek by Named Plaintiff Katz and Pennsylvania Plaintiffs, and that Defendants conspired to deny Named Plaintiff Katz and Pennsylvania Plaintiffs their lawful wages due.

3.      Additionally, Named Plaintiff Smith has initiated the instant action to redress violations by Defendants of the Florida common law tort of civil conspiracy, for conspiring to deny Named Plaintiff Smith and Florida Plaintiffs their lawful wages due under FLSA by failing to pay overtime premiums for hours worked beyond 40 per workweek by Named Plaintiff Smith and Florida Plaintiffs.

4.      Additionally, Named Plaintiff Olsen has initiated the instant action to redress violations by Defendants of the Missouri Minimum Wage Act ("MMWA"), and for the common law tort of civil conspiracy.  Named Plaintiff Olsen asserts that Defendants erroneously treated Named Plaintiff Olsen and other similarly situated Missouri employees ("Missouri Plaintiffs") as

exempt employees under the MMWA, and consequently, failed to pay overtime premiums for hours worked beyond 40 per workweek by Named Plaintiff Olsen and Missouri Plaintiffs, and conspired to deny Named Plaintiff Olsen and Missouri Plaintiffs their lawful wages due under MMWA and FLSA.

5.      Additionally, Named Plaintiff Glass has initiated the instant action to redress violations by Defendants of the Virginia common law tort of civil conspiracy. Named Plaintiff Glass asserts that Defendants conspired to deny Named Plaintiff Glass and other similarly situated Virginia employees ("Virginia Plaintiffs") their lawful wages due under FLSA by failing to pay overtime premiums for hours worked beyond 40 per workweek by Named Plaintiff Glass and Virginia Plaintiffs.

6.      Additionally, Named Plaintiff Price has initiated the instant action to redress violations by Defendants of the North Carolina Wage and Hour Act ("NCWHA") and for the common law tort of civil conspiracy.  Named Plaintiff Price asserts that Defendants erroneously treated Named Plaintiff Price and other similarly situated North Carolina employees ("North Carolina Plaintiffs") as exempt employees under the NCWHA, and consequently, failed to pay overtime premiums for hours worked beyond 40 per workweek by Named Plaintiff Price and North Carolina Plaintiffs. Named Plaintiff Price also asserts that Defendants conspired to deny Named Plaintiff Price and the North Carolina Plaintiffs their lawful wages due under the NCWHA and FLSA.

7.      Additionally, Named Plaintiff Torres has initiated the instant action to redress violations by Defendants of the Arizona common law tort of civil conspiracy.  Named Plaintiff Torres asserts that Defendants conspired to unlawfully deny Named Plaintiff Torres and other similarly situated Arizona employees ("Arizona Plaintiffs") their lawful wages due under FLSA

by failing to pay overtime premiums for hours worked beyond 40 per workweek by Named Plaintiff Torres and Arizona Plaintiffs.

8.      Additionally, Named Plaintiff Ward has initiated the instant action to redress violations by Defendants of the Michigan Workforce Opportunity Wage Act ("MWOWA") and for the common law tort of civil conspiracy.  Named Plaintiff Ward asserts that Defendants erroneously treated Named Plaintiff Ward and other similarly situated Michigan employees ("Michigan Plaintiffs") as exempt employees under the MWOWA, and consequently, failed to pay overtime premiums for hours worked beyond 40 per workweek by Named Plaintiff Ward and Michigan Plaintiffs, and conspired to unlawfully deny Named Plaintiff Ward and Michigan Plaintiffs their lawful wages due under FLSA and MWOWA.

<u>**JURISDICTION AND VENUE**</u>

9.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq.*  This Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

10.     This Court may properly maintain personal jurisdiction over Defendant PDP because Defendant PDP is domiciled in the Commonwealth of Pennsylvania.

11.     This Court may properly maintain personal jurisdiction over Defendant DNC because Defendant DNC regularly conducted and conducts business in this Commonwealth such that assertion of jurisdiction over Defendant DNC comports with traditional notions of fair play and substantial justice.

12.      This Court may properly maintain personal jurisdiction over Defendants FDP, NCDP, MODP, VDP, ADP, MIDP ("State Party Defendants") because the State Party

Defendants comprise a single enterprise, single employer, and joint employer with Defendant DNC, Defendant DNC exercised a sufficient amount of operational control over the State Party Defendants during the pendency of the 2016 national presidential campaign to render the State Party Defendants alter egos of Defendant DNC, and Defendant DNC has sufficient contacts with the Commonwealth to warrant personal jurisdictional.

13.     The Court may also maintain personal jurisdiction over the State Party Defendants because each Defendant conducting activities in the forum related to these claims by preparing for and participating in the production of the July 2016 nationally televised Democratic National Convention which nominated Hillary Clinton as the Democratic Party's nominee for President which took place within the Commonwealth, and participating in a nationally coordinated campaign in which a substantial number of activities and national candidate appearances occurred within the Commonwealth, and because the exercise of personal jurisdiction of the State Party Defendants comports with traditional notices of fair play and substantial justice.

14.     Venue is properly laid in this judicial district pursuant to 29 U.S.C. § § 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

15.     Named Plaintiff Katz is an adult individual with an address as set forth above in the caption.

16.     Named Plaintiff Smith is an adult individual with an address as set forth above in the caption.

17.     Named Plaintiff Olsen is an adult individual with an address as set forth above in the caption.

18.     Named Plaintiff Glass is an adult individual with an address as set forth above in the caption.

19.     Named Plaintiff Price is an adult individual with an address as set forth above in the caption.

20.     Named Plaintiff Whitehead is an adult individual with an address as set forth above in the caption.

21.     Named Plaintiff Torres is an adult individual with an address as set forth above in the caption.

22.     Named Plaintiff Ward is an adult individual with an address as set forth above in the caption.

23.     "Collective Action Plaintiffs" refers to individuals who are current and/or former employees Defendants who held the job title of "Organizer," "Field Organizer," and/or who performed job duties consistent with that of an "Organizer" and/or "Field Organizer" within the last three (3) years.

24.     "Pennsylvania Plaintiffs" refers to individuals who are current and/or former employees of Defendants who held the job title of "Organizer," "Field Organizer," and/or who performed job duties consistent with "Organizer" and/or "Field Organizer" in Pennsylvania within the last three (3) years.

25.     "Florida Plaintiffs" refers to individuals who are current and/or former employees of Defendants who held the job title of "Organizer," "Field Organizer," and/or who performed

job duties consistent with "Organizer" and/or "Field Organizer" in Florida within the last three (3) years.

26.     "North Carolina Plaintiffs" refers to individuals who are current and/or former employees of Defendants who held the job title of "Organizer," "Field Organizer," and/or who performed job duties consistent with "Organizer" and/or "Field Organizer" in North Carolina within the last three (3) years.

27.     "Missouri Plaintiffs" refers to individuals who are current and/or former employees of Defendants who held the job title of "Organizer," "Field Organizer," and/or who performed job duties consistent with "Organizer" and/or "Field Organizer" in Missouri within the last three (3) years.

28.     "Virginia Plaintiffs" refers to individuals who are current and/or former employees of Defendants who held the job title of "Organizer," "Field Organizer," and/or who performed job duties consistent with "Organizer" and/or "Field Organizer" in Virginia within the last three (3) years.

29.     "Arizona Plaintiffs" refers to individuals who are current and/or former employees of Defendants who held the job title of "Organizer," "Field Organizer," and/or who performed job duties consistent with "Organizer" and/or "Field Organizer" in Arizona within the last three (3) years.

30.     "Michigan Plaintiffs" refers to individuals who are current and/or former employees of Defendants who held the job title of "Organizer," "Field Organizer," and/or who performed job duties consistent with "Organizer" and/or "Field Organizer" in Michigan within the last three (3) years.

31.     Defendant DNC is responsible for governing the Democratic National Party, and raises money, hires staff, and coordinates strategy to support candidates throughout the United States for local, state, and national office.

32.     Defendant PDP is responsible for governing the Pennsylvania Democratic Party and raises money, hires staff, and coordinates strategy to support candidates throughout the Commonwealth of Pennsylvania for local, state, and national office.

33.     Defendant FDP is responsible for governing the Florida Democratic Party and raises money, hires staff, and coordinates strategy to support candidates throughout the state of Florida for local, state, and national office.

34.     Defendant NCDP is responsible for governing the North Carolina Democratic Party and raises money, hires staff, and coordinates strategy to support candidates throughout the state of North Carolina for local, state, and national office.

35.     Defendant MODP is responsible for governing the Missouri Democratic Party and raises money, hires staff, and coordinates strategy to support candidates throughout the state of Missouri for local, state, and national office.

36.     Defendant VDP is responsible for governing the Virginia Democratic Party and raises money, hires staff, and coordinates strategy to support candidates throughout the Commonwealth of Virginia for local, state, and national office.

37.     Defendant ADP is responsible for governing the Arizona Democratic Party and raises money, hires staff, and coordinates strategy to support candidates through the state of Arizona for local, state, and national office.

38.     Defendant MIDP is responsible for governing the Michigan Democratic Party and raises money, hires staff, and coordinates strategy to support candidates throughout the state of Michigan for local, state, and national office.

39.     Upon information and belief, Defendant DNC coordinates and directs strategic initiatives directly with Defendants PDP, FDP, NCDP, MODP, VDP, ADP, MIDP and other state democratic parties, including in strategizing and focusing on voter registration drives, get-out-the-vote initiatives, canvassing, and phone calling.  Defendant DNC's coordination and direction includes directing Defendants PDP, FDP, NCDP, MODP, VDP, ADP, MIDP, along with other state democratic committees, to hire and retain organizers to assist in voter registration drives, get out the vote initiatives, canvassing, and phone calling.  Defendant DNC further directs Defendants PDP, FDP, NCDP, MODP, VDP, ADP, MIDP, along with other state democratic committees, regarding the qualifications and job duties of organizers, and further directs Defendants PDP, FDP, NCDP, MODP, VDP, ADP, MIDP, along with other state democratic committees, to classify organizers as overtime-exempt under state and federal law.

40.     Upon information and belief, many of the strategic initiatives for which organizers of PDP, FDP, NCDP, MODP, VDP, ADP, MIDP, as well as other state democratic parties, including Named Plaintiffs, perform job duties are initiatives which are designed and implemented by Defendant DNC and which are performed to benefit Defendant DNC.

41.     Upon information and belief, Defendants share resources and funds to assist in Defendant DNC's nationally coordinated campaign.

42.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATION

43.     Named Plaintiffs bring this action for violations of the FLSA as an individual action and as collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were employed as organizers or in job titles with similar duties, individually or jointly, by Defendants and all other state democratic committees, and who were classified by Defendants as "exempt" from the overtime requirements of the FLSA.

44.     Named Plaintiffs and Collective Action Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

45.     There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join the present lawsuit.

46.     Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

47.     Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

48.     Named Plaintiff Katz brings this action for violations of the Pennsylvania Minimum Wage Act and for civil conspiracy as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who performed worked or work as organizers or in similar positions in the Commonwealth of Pennsylvania who were treated as exempt from

13

overtime by Defendant DNC and/or Defendant PDP and who worked in this capacity at any point in the three (3) years preceding the date the instant action was initiated.

49.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff Katz does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least forty.

50.     Named Plaintiff Katz's claims are typical of the claims of the Pennsylvania Plaintiffs, because Named Plaintiff Katz, like all Pennsylvania Plaintiffs, was an employee of Defendants within the last three years in Pennsylvania, held the job title of "organizer," was classified by Defendants as an exempt employee, and was not paid overtime premiums for hours worked beyond 40 per workweek.

51.     Named Plaintiff Katz will fairly and adequately protect the interests of the Pennsylvania Plaintiffs because Named Plaintiff Katz's interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiff Katz has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

52.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant PDP's records.

53.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish

incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendants.

54.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether the duties of organizers qualify for any recognized exemption to overtime.

## MISSOURI CLASS ACTION ALLEGATIONS

55.     Named Plaintiff Olsen brings this action for violations of the Missouri Minimum Wage Act and civil conspiracy as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who performed worked or work as organizers or in similar positions in the state of Missouri who were treated as exempt from overtime by Defendant DNC and/or Defendant MODP and who worked in this capacity at any point in the three (3) years preceding the date the instant action was initiated.

56.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff Olsen does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least forty.

57.     Named Plaintiff Olsen's claims are typical of the claims of the Missouri Plaintiffs, because Named Plaintiff Olsen, like all Missouri Plaintiffs, was an employee of Defendants within the last three years in Missouri, held the job title of "organizer," was classified by Defendants as an exempt employee, and was not paid overtime premiums for hours worked beyond 40 per workweek.

15

58.     Named Plaintiff Olsen will fairly and adequately protect the interests of the Missouri Plaintiffs because Named Plaintiff Olsen's interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiff Olsen has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

59.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant MODP's records.

60.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendants.

61.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether the duties of organizers qualify for any recognized exemption to overtime.

## VIRGINIA CLASS ACTION ALLEGATIONS

62.     Named Plaintiff Glass brings this action for violations of the Virginia common law tort of civil conspiracy as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who performed worked or work as organizers or in similar

positions in the state of Virginia who were treated as exempt from overtime by Defendant DNC and/or Defendant VDP and who worked in this capacity at any point in the three (3) years preceding the date the instant action was initiated.

63.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff Glass does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least forty.

64.     Named Plaintiff Glass' claims are typical of the claims of the Virginia Plaintiffs, because Named Plaintiff Glass, like all Virginia Plaintiffs, was an employee of Defendants within the last three years in Virginia, held the job title of "organizer," was classified by Defendants as an exempt employee, and was not paid overtime premiums for hours worked beyond 40 per workweek.

65.     Named Plaintiff Glass will fairly and adequately protect the interests of the Virginia Plaintiffs because Named Plaintiff Glass' interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiff Glass has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

66.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant VDP's records.

67.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or

varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendants.

68.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether the duties of organizers qualify for any recognized exemption to overtime.

## NORTH CAROLINA CLASS ACTION ALLEGATIONS

69.     Named Plaintiff Price brings this action for violations of the North Carolina Wage and Hour Act and civil conspiracy as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who performed worked or work as organizers or in similar positions in the state of North Carolina who were treated as exempt from overtime by Defendant DNC and/or Defendant NCDP and who worked in this capacity at any point in the three (3) years preceding the date the instant action was initiated.

70.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff Price does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least forty.

71.     Named Plaintiff Price's claims are typical of the claims of the North Carolina Plaintiffs, because Named Plaintiff Price, like all North Carolina Plaintiffs, was an employee of Defendants within the last three years in North Carolina, held the job title of "organizer," was

18

classified by Defendants as an exempt employee, and was not paid overtime premiums for hours worked beyond 40 per workweek.

72.    Named Plaintiff Price will fairly and adequately protect the interests of the North Carolina Plaintiffs because Named Plaintiff Price's interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiff Price has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

73.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant NCDP's records.

74.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendants.

75.    Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether the duties of organizers qualify for any recognized exemption to overtime.

## ARIZONA CLASS ACTION ALLEGATIONS

76.     Named Plaintiff Torres brings this action for violations of the Arizona common law tort of civil conspiracy as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who performed worked or work as organizers or in similar positions in the state of Arizona who were treated as exempt from overtime by Defendant DNC and/or Defendant ADP and who worked in this capacity at any point in the three (3) years preceding the date the instant action was initiated.

77.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff Torres does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least forty.

78.     Named Plaintiff Torres's claims are typical of the claims of the Arizona Plaintiffs, because Named Plaintiff Torres, like all Arizona Plaintiffs, was an employee of Defendants within the last three years in Arizona, held the job title of "organizer," was classified by Defendants as an exempt employee, and was not paid overtime premiums for hours worked beyond 40 per workweek.

79.     Named Plaintiff Torres will fairly and adequately protect the interests of the Arizona Plaintiffs because Named Plaintiff Torres's interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiff Torres has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

80.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant ADP's records.

81.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendants.

82.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether the duties of organizers qualify for any recognized exemption to overtime.

## MICHIGAN CLASS ACTION ALLEGATIONS

83.     Named Plaintiff Ward brings this action for violations of the Michigan Workforce Opportunity Wage Act and civil conspiracy as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who performed worked or work as organizers or in similar positions in the state of Michigan who were treated as exempt from overtime by Defendant DNC and/or Defendant MIDP and who worked in this capacity at any point in the three (3) years preceding the date the instant action was initiated.

84.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff Ward does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least forty.

85.     Named Plaintiff Ward's claims are typical of the claims of the Michigan Plaintiffs, because Named Plaintiff Ward, like all Michigan Plaintiffs, was an employee of Defendants within the last three years in Michigan, held the job title of "organizer," was classified by Defendants as an exempt employee, and was not paid overtime premiums for hours worked beyond 40 per workweek.

86.     Named Plaintiff Ward will fairly and adequately protect the interests of the Michigan Plaintiffs because Named Plaintiff Ward's interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiff Ward has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

87.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant MDP's records.

88.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendants.

89.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the

questions of law and fact that are common to the class are whether the duties of organizers qualify for any recognized exemption to overtime.

## **FACTUAL BACKGROUND**

90.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

91.     Named Plaintiff Katz was directly employed by Defendant PDP as an "organizer" from June of 2016 through August of 2016.

92.     Named Plaintiff Smith was directly employed by Defendant FDP as a "field organizer" from June of 2016 through November of 2016.

93.     Named Plaintiff Olsen was directly employed by Defendant MODP as a "field organizer" from June of 2016 through November of 2016.

94.     Named Plaintiff Glass was directly employed by Defendant VDP as a "field organizer" from August of 2016 through October of 2016.

95.     Named Plaintiff Price was directly employed by Defendant NCDP as a "Field Organizer" from May of 2016 through November of 2016.

96.     Named Plaintiff Torres was directly employed by Defendant ADP as a "Field Organizer" from August of 2016 through November of 2016.

97.     Named Plaintiff Ward was directly employed by Defendant MIDP as a "Field Organizer" from May of 2014 to November of 2014.

98.     Upon information and belief, the state democratic parties, including Defendants PDP, FDP, NCDP, MODP, VDP, ADP, and MIDP are vertically integrated with DNC, and consequently, they are a joint employer of all organizers employed by all state democratic parties, including Defendants PDP, FDP, NCDP, MODP, VDP, ADP, and MIDP.

99.     Upon information and belief, DNC is vertically integrated with all other state democratic committees and is consequently a joint employer of all organizers employed by any state democratic committee.

100.    Collective Action Plaintiffs and the Pennsylvania, Florida, Virginia, North Carolina, Arizona, Michigan and Missouri Plaintiffs ("Class Plaintiffs") worked/work for Defendants during the last three years as organizers and/or field organizers.

101.    Named Plaintiffs' job duties consisted of making phone calls to voters, assisting in voter registration efforts, soliciting volunteers, and canvassing.

102.    Named Plaintiffs' job duties did not relate to the management or general business operations of Defendants.

103.    Named Plaintiffs' job duties did not allow the use of discretion and independent judgment with respect to matters of significance.

104.    Named Plaintiffs had non-exempt job duties at all time while employed by Defendants.

105.    Collective Action and Class Plaintiffs' job duties consisted of making phone calls to voters, assisting in voter registration efforts, soliciting volunteers, and canvassing.

106.    Collective Action and Class Plaintiffs' job duties did not relate to the management or general business operations of Defendants.

107.    Named Plaintiffs regularly worked more than 12 hours per day and at times worked more than 14 hours per day.

108.    Named Plaintiffs regularly worked 7 days per workweek.

109.    Named Plaintiffs regularly worked more than 80 hours per workweek.

110.    Defendants paid Named Plaintiff Katz a salary of $3,000 per month, and paid no extra compensation for any hours worked beyond 40 per workweek.

111.    Defendants paid Named Plaintiff Smith a salary of $3,000 per month, and paid no extra compensation for any hours worked beyond 40 per workweek.

112.    Defendants paid Named Plaintiff Olsen a salary of $2,500 per month, and paid no extra compensation for any hours worked beyond 40 per workweek.

113.    Defendants paid Named Plaintiff Glass a salary of $3,000 per month, and paid no extra compensation for hours worked beyond 40 per workweek.

114.    Defendants paid Named Plaintiff Price a salary of $3,000 per month, and paid no extra compensation for hours worked beyond 40 per workweek.

115.    Defendants paid Named Plaintiff Torres a salary of $2,500 per month, and paid no extra compensation for hours worked beyond 40 per workweek.

116.    Defendants paid Named Plaintiff Ward a salary of $2,500 per month, and paid no extra compensation for hours worked beyond 40 per workweek.

117.    Upon information and belief, Collective Action and Class Plaintiffs regularly worked more than 40 hours per workweek.

118.    Upon information and belief, Defendants paid Collective Action and Class Plaintiffs a salary, and paid no extra compensation for any hours worked beyond 40 per workweek.

119.    Defendants received a significant economic benefit in not paying extra compensation to Collective Action and Class Plaintiffs for any hours worked beyond 40 per workweek by lowering their wage costs.

120.     Defendants received a significant operational benefit by having Collective Action and Class Plaintiffs work beyond 40 hours per workweek without receiving additional overtime premium pay, as this allowed Collective Action and Class Plaintiffs to work significantly longer hours than they could have worked if Defendants had been paying an hourly overtime premium for all hours worked over 40 per workweek.

121.     Upon information and belief, Defendants intentionally and willfully failed to pay overtime premium pay in order to secure the economic and operational benefits outlined above.

## COUNT I
## Violations of the Fair Labor Standards Act
### (Failure to Pay Overtime)
**Named Plaintiffs and Collective Action Plaintiffs v. Defendants**

122.     The foregoing paragraphs are incorporated herein as if set forth in full.

123.     At all times relevant herein, all state democratic parties, including Defendants PDP, FDP, NCDP, MODP, VDP, ADP, and MIDP were vertically and horizontally integrated with Defendant DNC and the other Defendants making them joint employers under the FLSA.

124.     At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of the FLSA.

125.     At all times relevant herein, Named Plaintiffs and Collective Action Plaintiffs were/are "employees" within the meaning of the FLSA.

126.     The FLSA requires employers, such as Defendants, to compensate employees, such as Named Plaintiffs and Collective Action Plaintiffs, overtime at 1.5 times their regular rate for hours worked beyond 40 per workweek.

127.     Defendants misclassified Named Plaintiffs and Collective Action Plaintiffs as exempt from the overtime mandate of the FLSA.

26

128.    Named Plaintiffs and Collective Action Plaintiffs regularly worked more than 40 hours per workweek.

129.    Defendants failed to pay any overtime premiums for work beyond 40 hours per workweek to Named Plaintiffs and Collective Action Plaintiffs.

130.    Defendants willfully failed to compensate Named Plaintiffs and Collective Action overtime compensation.

131.    As a result of Defendants' failure to pay overtime premiums for overtime worked to Named Plaintiffs and Collective Action Plaintiffs, Defendants have violated and continue to violate the FLSA.

**COUNT II**
**Violations of the Pennsylvania Minimum Wage Act**
**(Failure to Pay Overtime)**
**Named Plaintiff Katz and Pennsylvania Plaintiffs v. Defendants PDP and DNC**

132.    The foregoing paragraphs are incorporated herein as if set forth in full.

133.    At all times relevant herein, PDP was vertically integrated with DNC making PDP and DNC joint employers under the PMWA.

134.    Defendants violated the PMWA by failing to pay overtime premiums for work in excess of 40 hours per workweek performed by Named Plaintiff and Pennsylvania Plaintiffs

135.    As a result of Defendants' conduct, Named Plaintiff and Pennsylvania Plaintiffs have suffered damages.

**COUNT III**
**Violations of the Pennsylvania Common Law**
**(Civil Conspiracy)**
**Named Plaintiff Katz and Pennsylvania Plaintiffs v. Defendants PDP and DNC**

136.    The foregoing paragraphs are incorporated herein as if set forth in full.

137.    At all relevant times, as outlined above, Defendant PDP and DNC coordinated their employment policies and practices for organizers, including on issues of hours, pay, and activities performed by organizers, including the decision to not pay organizers overtime wages.

138.    Defendant PDP and DNC intentionally failed to pay Named Plaintiff Katz and Pennsylvania Plaintiffs overtime wages due under FLSA and the PMWA.

139.    Because of PDP and DNC's actions, Named Plaintiff and Pennsylvania Plaintiffs have suffered damages.

### COUNT IV
### Violations of the Missouri Minimum Wage Act
### (Failure to Pay Overtime)
### Named Plaintiff Olsen and Missouri Plaintiffs v. Defendants MODP and DNC

140.    The foregoing paragraphs are incorporated herein as if set forth in full.

141.    At all times relevant herein, MODP was vertically integrated with DNC making MODP and DNC joint employers under the MOMWA.

142.    Defendants violated the MOMWA by failing to pay overtime premiums for work in excess of 40 hours per workweek performed by Named Plaintiff Olsen and Missouri Plaintiffs

143.    Because of Defendants' conduct, Named Plaintiff Olsen and Missouri Plaintiffs have suffered damages.

### COUNT V
### Violations of the Missouri Common Law
### (Civil Conspiracy)
### Named Plaintiff Olsen and Missouri Plaintiffs v. Defendants MODP and DNC

144.    The foregoing paragraphs are incorporated herein as if set forth in full.

145.    At all relevant times, Defendant MODP and DNC coordinated their employment policies and practices for organizers, including on issues of hours, pay, and activities performed by organizers, including the decision to not pay organizers overtime wages.

146.    Defendant MODP and DNC intentionally failed to pay Named Plaintiff Olsen and Missouri Plaintiffs overtime wages due under FLSA and the MOMWA.

147.    Because of MODP and DNC's actions, Named Plaintiff Olsen and Missouri Plaintiffs have suffered damages.


## COUNT VI
## Violations of the Florida Common Law
### (Civil Conspiracy)
### Named Plaintiff Smith and Florida Plaintiffs v. Defendants FDP and DNC

148.    The foregoing paragraphs are incorporated herein as if set forth in full.

149.    At all times relevant herein, FDP and DNC coordinated their employment policies and practices for organizers, including on issues of hours, pay, and activities performed by organizers, including the decision to not pay organizers overtime wages.

150.    Defendant FDP and DNC intentionally failed to pay Named Plaintiff Smith and Florida Plaintiffs their overtime wages due under FLSA.

151.    Because of Defendants' conduct, Named Plaintiff and Florida Plaintiffs have suffered damages.


## COUNT VII
## Violations of the North Carolina Wage and Hour Act
### (Failure to Pay Overtime)
### Named Plaintiff Price and North Carolina Plaintiffs v. Defendants NCDP and DNC

152.    The foregoing paragraphs are incorporated herein as if set forth in full.

153.    At all times relevant herein, NCDP was vertically integrated with DNC making NCDP and DNC joint employers under the NCWHA.

154.    Defendants violated the NCWHA by failing to pay overtime premiums for work in excess of 40 hours per workweek performed by Named Plaintiff and North Carolina Plaintiffs

155.    Because of Defendants' conduct, Named Plaintiff and North Carolina Plaintiffs have suffered damages.

**COUNT VIII**
**Violations of the North Carolina Common Law**
**(Civil Conspiracy)**
**Named Plaintiff Price and North Carolina Plaintiffs v. Defendants NCDP and DNC**

156.    The foregoing paragraphs are incorporated herein as if set forth in full.

157.    At all times relevant herein, NCDP and DNC coordinated their employment policies and practices for organizers, including on issues of hours, pay, and activities performed by organizers, including the decision to not pay organizers overtime wages.

158.    Defendant NCDP and DNC intentionally failed to pay Named Plaintiff Price and North Carolina Plaintiffs their overtime wages due under FLSA.

159.    Because of Defendants' conduct, Named Plaintiff and North Carolina Plaintiffs have suffered damages.

**COUNT IX**
**Violations of the Virginia Common Law**
**(Civil Conspiracy)**
**Named Plaintiff Glass and Virginia Plaintiffs v. Defendants VDP and DNC**

160.    The foregoing paragraphs are incorporated herein as if set forth in full.

161.    At all times relevant herein, VDP and DNC coordinated their employment policies and practices for organizers, including on issues of hours, pay, and activities performed by organizers, including the decision to not pay organizers overtime wages.

162.    Defendant VDP and DNC intentionally failed to pay Named Plaintiff Glass and Virginia Plaintiffs their overtime wages due under FLSA.

163.    Because of Defendants' conduct, Named Plaintiff and Virginia Plaintiffs have suffered damages.

**COUNT X**
**Violations of Arizona Common Law**
**(Civil Conspiracy)**
**Named Plaintiff Torres and Arizona Plaintiffs v. Defendants ADP and DNC**

164.     The foregoing paragraphs are incorporated herein as if set forth in full.

165.     At all times relevant herein, Defendants ADP and DNC coordinated their employment policies and practices for organizers, including on issues of hours, pay, and activities performed by organizers, including the decision to not pay organizers overtime wages.

166.     Defendants ADP and DNC intentionally failed to pay Named Plaintiff Torres and Arizona Plaintiffs their overtime wages due under FLSA.

167.     Because of Defendants' conduct, Named Plaintiff and Arizona Plaintiffs have suffered damages.

**COUNT XI**
**Violations of the Michigan Workforce Opportunity Wage Act**
**(Failure to Pay Overtime)**
**Named Plaintiff Ward and Michigan Plaintiffs v. Defendants MIDP and DNC**

168.     The foregoing paragraphs are incorporated herein as if set forth in full.

169.     At all times relevant herein, MIDP was vertically integrated with DNC making MIDP and DNC joint employers under the MWOWA.

170.     Defendants violated the MWOWA by failing to pay overtime premiums for work in excess of 40 hours per workweek performed by Named Plaintiff and Michigan Plaintiffs

171.     Because of Defendants' conduct, Named Plaintiff and Michigan Plaintiffs have suffered damages.

**COUNT XII**
**Violations of Michigan Common Law**
**(Civil Conspiracy)**
**Named Plaintiff Ward and Michigan Plaintiffs v. Defendants MIDP and DNC**

172.    The foregoing paragraphs are incorporated herein as if set forth in full.

173.    At all times relevant herein, Defendants MIDP and DNC coordinated their employment policies and practices for organizers, including on issues of hours, pay, and activities performed by organizers, including the decision to not pay organizers overtime wages.

174.    Defendants MIDP and DNC intentionally failed to pay Named Plaintiff Ward and Michigan Plaintiffs their overtime wages due under FLSA.

175.    Because of Defendants' conduct, Named Plaintiff and Michigan Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

(1)    Defendants are a joint employer and/or single employer under the FLSA;

(2)    Defendants PDP and DNC are a joint employer and/or single employer under the PMWA;

(3)    Defendants MODP and DNC are a joint employer and/or single employer under the MMWA;

(4)    Defendants MIDP and DNC are a joint employer and/or single employer under the MWOWA;

(5)    Defendants NCDP and DNC are a joint employer and/or single employer under the NCWHA;

(6)    The instant matter will be adjudicated on a class and collective basis on behalf of all individuals currently or formerly employed as organizers and field organizers by the DNC

and/or any state democratic party, including the PDP, MODP, FDP, MIDP, ADP, NCDP, and VDP;

(7)     Defendants are to be prohibited from continuing to maintain their policies, practices or customs in violation of state laws and principles of equity;

(8)     Defendants are to compensate, reimburse, and make Named Plaintiff, Collective Action Plaintiffs, Pennsylvania Plaintiffs, Virginia Plaintiffs, Florida Plaintiffs, Arizona Plaintiffs, North Carolina Plaintiffs, Michigan Plaintiffs, and Missouri Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings.  Named Plaintiff, Collective Action Plaintiffs, Pennsylvania Plaintiffs, Virginia Plaintiffs, Florida Plaintiffs, Arizona Plaintiffs, North Carolina Plaintiffs, Michigan Plaintiffs, and Missouri Plaintiffs should be accorded those benefits illegally withheld;

(9)     Named Plaintiff, Collective Action Plaintiffs, Pennsylvania Plaintiffs, Virginia Plaintiffs, Florida Plaintiffs, Arizona Plaintiffs, North Carolina Plaintiffs, Michigan Plaintiffs, and Missouri Plaintiffs are to be awarded liquidated damages as applicable under the laws they are suing under an amount equal to the actual damages in this case;

(10)     Named Plaintiff, Collective Action Plaintiffs, Pennsylvania Plaintiffs, Virginia Plaintiffs, Florida Plaintiffs, Arizona Plaintiffs, North Carolina Plaintiffs, Michigan Plaintiffs, and Missouri Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

(11)     Any and all other equitable relief which this Court deems fit.

Respectfully Submitted,

*/s/ Justin L. Swidler*

Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: January 19, 2017

## <u>DEMAND TO PRESERVE EVIDENCE</u>

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's, Collective Action Plaintiffs', and Pennsylvania Plaintiffs' employment, to Named Plaintiff's, Collective Action Plaintiffs', and Pennsylvania Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

**<u>JURY DEMAND</u>**

Plaintiffs hereby demand a trial by jury.

Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: January 19, 2017

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Justin L. Swidler, Esquire, of the law firm of Swartz Swidler, LLC, is hereby designated

trial counsel.

Respectfully Submitted,

<u>*/s/ Justin L. Swidler*</u>
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: January 19, 2017

36