# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETHANY KATZ, on behalf of herself and all those similarly situated, 325 Thornbrook Ave. Rosemont, PA 19010 <br><br> and <br><br> GABRIEL SMITH, on behalf of himself and all those similarly situated, 13831 Silverdust Lane Chester, VA 23836 <br><br> and <br><br> THOMAS OLSEN, on behalf of himself and all those similarly situated, 3224 Troost Ave. Kansas City, MO 64109 <br><br> and <br><br> RYAN GLASS, on behalf of himself and all those similarly situated, 205 Brokenbridge Rd. Yorktown, VA 23692 <br><br> and <br><br> MARCUS PRICE, on behalf of himself and all those similarly situated, 819 Seldon Dr. Charlotte, NC 28208 <br><br> and <br><br> CHRISTIAN TORRES, on behalf of himself and all those similarly situated, 1343 E 9th St. Tucson, AZ 85719 <br><br> and | INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT <br><br> DOCKET NO: 16-5800 <br><br><br> **JURY TRIAL DEMANDED** |

1

SCOTT WARD, on behalf of himself and
all those similarly situated,
725 Wagner Dr.,
Battle Creek, MI 49017

                 Plaintiffs,

       v.

DNC SERVICES CORPORATION d/b/a
DEMOCRATIC NATIONAL
COMMITTEE
430 South Capitol St. Southeast
Washington, DC 20003

and

PENNSYLVANIA DEMOCRATIC
PARTY
1801 Market St. Ste. 1500
Philadelphia, PA 19103

and

FLORIDA DEMOCRATIC PARTY
214 S Bronough St.
Tallahassee, FL 32301

and

NORTH CAROLINA DEMOCRATIC
PARTY
220 Hillsborough Street
Raleigh, NC 27603

and

MISSOURI DEMOCRATIC PARTY
208 Madison Street,
Jefferson City, MO 65101

and

VIRGINIA DEMOCRATIC PARTY
919 East Main Street, Suite 2050
Richmond, VA 23219

and

ARIZONA DEMOCRATIC PARTY
2910 North Central Ave
Phoenix, AZ 85012

And

MICHIGAN DEMOCRATIC PARTY
606 Townsend
Lansing, MI 48933

        Defendants.

## SECOND AMENDED
## INDIVIDUAL, COLLECTIVE, AND CLASS ACTION CIVIL COMPLAINT

Named Plaintiffs Bethany Katz ("Named Plaintiff Katz"), Gabriel Smith ("Named Plaintiff Smith"), Thomas Olsen ("Named Plaintiff Olsen"), Ryan Glass ("Named Plaintiff Glass"), Marcus Price ("Named Plaintiff Price"), Christian Torres ("Named Plaintiff Torres"), Scott Ward ("Named Plaintiff Ward") (collectively "Named Plaintiffs") individually and on behalf of themselves and those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendants DNC Services Corp. d/b/a Democratic National Committee ("Defendant DNC"), the Pennsylvania Democratic Party ("Defendant PDP"), the Florida Democratic Party ("Defendant FDP"), the Missouri Democratic Party ("Defendant MODP"), the Virginia Democratic Party ("Defendant VDP"), the North Carolina Democratic Party ("Defendant NCDP"), the Arizona Democratic Party ("Defendant ADP"), and the Michigan Democratic Party ("Defendant MIDP") (hereinafter collectively referred to as "Defendants").

This case seeks compensation on behalf of all Organizers who worked for Defendants tirelessly while being denied overtime compensation guaranteed by federal and state law.

Specifically, Named Plaintiffs allege that they and other Organizers were employed in non-exempt positions to assist in a nationally coordinated Democratic "ground game" which sought to increase the Democratic vote.

Even while Defendants campaigned to enhance and expand the ability of low and middle income people to be paid a fair salary and overtime, those same principles were ignored in denying their own Organizers overtime pay for the extremely long hours required by campaign work. Organizers are dedicated people who worked for Defendants because they were and remain committed to Defendants' platform, program, and ideals; they bring this lawsuit not to challenge those ideals but to vindicate them, and in so doing, do their part to ensure the continued viability of the rights created by and enshrined in the Fair Labor Standards Act of 1938 and the other laws alleged herein to be violated.

The Organizers' job duties consisted of assisting in voter registration, handing out paperwork and forms to potential voters in person, reminding potential voters of deadlines, and soliciting volunteers. Organizers were expected and did work long hours and weekends, and regularly worked in excess of 80 to 90 hours per workweek. Rather than hiring additional staff to reduce the extraordinary workload assigned to Organizers, and rather than paying overtime as required by the FLSA, Defendants instead willfully engaged in a course of conduct in violation of state and federal law by requiring Organizers to work long hours without providing any overtime compensation to Organizers. Defendants unlawfully and erroneously treated Organizers as exempt employees under state and federal law. Named Plaintiffs seek relief on behalf of all Organizers nationwide who were denied the benefits of overtime guaranteed by federal and state law.

## INTRODUCTION

1.       Named Plaintiffs have initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA").  Named Plaintiffs assert that Defendants erroneously designated Named Plaintiffs and those similarly situated ("Collective Action Plaintiffs") as exempt employees under the FLSA, and consequently, failed to pay overtime premiums for hours worked beyond 40 per workweek by Named Plaintiffs and Collective Action Plaintiffs.

2.       Additionally, Named Plaintiff Katz has initiated the instant action to redress violations by Defendants of the Pennsylvania Minimum Wage Act ("PMWA") and for civil conspiracy.  Named Plaintiff Katz asserts that Defendants erroneously treated Named Plaintiff Katz and other similarly situated Pennsylvania employees ("Pennsylvania Plaintiffs") as exempt employees under the PMWA, and consequently, failed to pay overtime premiums for hours worked beyond 40 per workweek by Named Plaintiff Katz and Pennsylvania Plaintiffs, and that Defendants conspired to deny Named Plaintiff Katz and Pennsylvania Plaintiffs their lawful wages due.

3.       Additionally, Named Plaintiff Smith has initiated the instant action to redress violations by Defendants of the Florida common law tort of civil conspiracy, for conspiring to deny Named Plaintiff Smith and Florida Plaintiffs their lawful wages due under FLSA by failing to pay overtime premiums for hours worked beyond 40 per workweek by Named Plaintiff Smith and Florida Plaintiffs.

4.       Additionally, Named Plaintiff Olsen has initiated the instant action to redress violations by Defendants of the Missouri Minimum Wage Act ("MMWA"), and for the common law tort of civil conspiracy.  Named Plaintiff Olsen asserts that Defendants erroneously treated Named Plaintiff Olsen and other similarly situated Missouri employees ("Missouri Plaintiffs") as

exempt employees under the MMWA, and consequently, failed to pay overtime premiums for hours worked beyond 40 per workweek by Named Plaintiff Olsen and Missouri Plaintiffs, and conspired to deny Named Plaintiff Olsen and Missouri Plaintiffs their lawful wages due under MMWA and FLSA.

5.     Additionally, Named Plaintiff Glass has initiated the instant action to redress violations by Defendants of the Virginia common law tort of civil conspiracy. Named Plaintiff Glass asserts that Defendants conspired to deny Named Plaintiff Glass and other similarly situated Virginia employees ("Virginia Plaintiffs") their lawful wages due under FLSA by failing to pay overtime premiums for hours worked beyond 40 per workweek by Named Plaintiff Glass and Virginia Plaintiffs.

6.     Additionally, Named Plaintiff Price has initiated the instant action to redress violations by Defendants of the North Carolina Wage and Hour Act ("NCWHA") and for the common law tort of civil conspiracy.  Named Plaintiff Price asserts that Defendants erroneously treated Named Plaintiff Price and other similarly situated North Carolina employees ("North Carolina Plaintiffs") as exempt employees under the NCWHA, and consequently, failed to pay overtime premiums for hours worked beyond 40 per workweek by Named Plaintiff Price and North Carolina Plaintiffs. Named Plaintiff Price also asserts that Defendants conspired to deny Named Plaintiff Price and the North Carolina Plaintiffs their lawful wages due under the NCWHA and FLSA.

7.     Additionally, Named Plaintiff Torres has initiated the instant action to redress violations by Defendants of the Arizona common law tort of civil conspiracy.  Named Plaintiff Torres asserts that Defendants conspired to unlawfully deny Named Plaintiff Torres and other similarly situated Arizona employees ("Arizona Plaintiffs") their lawful wages due under FLSA

by failing to pay overtime premiums for hours worked beyond 40 per workweek by Named Plaintiff Torres and Arizona Plaintiffs.

8.      Additionally, Named Plaintiff Ward has initiated the instant action to redress violations by Defendants of the Michigan Workforce Opportunity Wage Act ("MWOWA") and for the common law tort of civil conspiracy.  Named Plaintiff Ward asserts that Defendants erroneously treated Named Plaintiff Ward and other similarly situated Michigan employees ("Michigan Plaintiffs") as exempt employees under the MWOWA, and consequently, failed to pay overtime premiums for hours worked beyond 40 per workweek by Named Plaintiff Ward and Michigan Plaintiffs, and conspired to unlawfully deny Named Plaintiff Ward and Michigan Plaintiffs their lawful wages due under FLSA and MWOWA.

## JURISDICTION AND VENUE

9.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq.*  This Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

10.     This Court may properly maintain personal jurisdiction over Defendant PDP because Defendant PDP is domiciled in the Commonwealth of Pennsylvania.

11.     This Court may properly maintain personal jurisdiction over Defendant DNC because Defendant DNC regularly conducted and conducts business in this Commonwealth such that assertion of jurisdiction over Defendant DNC comports with traditional notions of fair play and substantial justice.

12.      This Court may properly maintain personal jurisdiction over Defendants FDP, NCDP, MODP, VDP, ADP, MIDP ("State Party Defendants") because the State Party

7

Defendants comprise a single enterprise, single employer, and joint employer with Defendant DNC, Defendant DNC exercised a sufficient amount of operational control over the State Party Defendants during the pendency of the 2016 national presidential campaign to render the State Party Defendants alter egos of Defendant DNC, and Defendant DNC has sufficient contacts with the Commonwealth to warrant personal jurisdictional.

13.     The Court may also maintain personal jurisdiction over the State Party Defendants because each Defendant conducting activities in the forum related to these claims by preparing for and participating in the production of the July 2016 nationally televised Democratic National Convention which nominated Hillary Clinton as the Democratic Party's nominee for President which took place within the Commonwealth, and participating in a nationally coordinated campaign in which a substantial number of activities and national candidate appearances occurred within the Commonwealth, and because the exercise of personal jurisdiction of the State Party Defendants comports with traditional notices of fair play and substantial justice.

14.     Venue is properly laid in this judicial district pursuant to 29 U.S.C. § § 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **PARTIES**

15.     Named Plaintiff Katz is an adult individual with an address as set forth above in the caption.

16.     Named Plaintiff Smith is an adult individual with an address as set forth above in the caption.

17.     Named Plaintiff Olsen is an adult individual with an address as set forth above in the caption.

18.     Named Plaintiff Glass is an adult individual with an address as set forth above in the caption.

19.     Named Plaintiff Price is an adult individual with an address as set forth above in the caption.

20.     Named Plaintiff Whitehead is an adult individual with an address as set forth above in the caption.

21.     Named Plaintiff Torres is an adult individual with an address as set forth above in the caption.

22.     Named Plaintiff Ward is an adult individual with an address as set forth above in the caption.

23.     "Collective Action Plaintiffs" refers to individuals who are current and/or former employees Defendants who held the job title of "Organizer," "Field Organizer," and/or who performed job duties consistent with that of an "Organizer" and/or "Field Organizer" within the last three (3) years.

24.     "Pennsylvania Plaintiffs" refers to individuals who are current and/or former employees of Defendants who held the job title of "Organizer," "Field Organizer," and/or who performed job duties consistent with "Organizer" and/or "Field Organizer" in Pennsylvania within the last three (3) years.

25.     "Florida Plaintiffs" refers to individuals who are current and/or former employees of Defendants who held the job title of "Organizer," "Field Organizer," and/or who performed

job duties consistent with "Organizer" and/or "Field Organizer" in Florida within the last three (3) years.

26.      "North Carolina Plaintiffs" refers to individuals who are current and/or former employees of Defendants who held the job title of "Organizer," "Field Organizer," and/or who performed job duties consistent with "Organizer" and/or "Field Organizer" in North Carolina within the last three (3) years.

27.      "Missouri Plaintiffs" refers to individuals who are current and/or former employees of Defendants who held the job title of "Organizer," "Field Organizer," and/or who performed job duties consistent with "Organizer" and/or "Field Organizer" in Missouri within the last three (3) years.

28.      "Virginia Plaintiffs" refers to individuals who are current and/or former employees of Defendants who held the job title of "Organizer," "Field Organizer," and/or who performed job duties consistent with "Organizer" and/or "Field Organizer" in Virginia within the last three (3) years.

29.      "Arizona Plaintiffs" refers to individuals who are current and/or former employees of Defendants who held the job title of "Organizer," "Field Organizer," and/or who performed job duties consistent with "Organizer" and/or "Field Organizer" in Arizona within the last three (3) years.

30.      "Michigan Plaintiffs" refers to individuals who are current and/or former employees of Defendants who held the job title of "Organizer," "Field Organizer," and/or who performed job duties consistent with "Organizer" and/or "Field Organizer" in Michigan within the last three (3) years.

31.     Defendant DNC is responsible for governing the Democratic National Party, and raises money, hires staff, and coordinates strategy to support candidates throughout the United States for local, state, and national office.

32.     Defendant PDP is responsible for governing the Pennsylvania Democratic Party and raises money, hires staff, and coordinates strategy to support candidates throughout the Commonwealth of Pennsylvania for local, state, and national office.

33.     Defendant FDP is responsible for governing the Florida Democratic Party and raises money, hires staff, and coordinates strategy to support candidates throughout the state of Florida for local, state, and national office.

34.     Defendant NCDP is responsible for governing the North Carolina Democratic Party and raises money, hires staff, and coordinates strategy to support candidates throughout the state of North Carolina for local, state, and national office.

35.     Defendant MODP is responsible for governing the Missouri Democratic Party and raises money, hires staff, and coordinates strategy to support candidates throughout the state of Missouri for local, state, and national office.

36.     Defendant VDP is responsible for governing the Virginia Democratic Party and raises money, hires staff, and coordinates strategy to support candidates throughout the Commonwealth of Virginia for local, state, and national office.

37.     Defendant ADP is responsible for governing the Arizona Democratic Party and raises money, hires staff, and coordinates strategy to support candidates through the state of Arizona for local, state, and national office.

38.     Defendant MIDP is responsible for governing the Michigan Democratic Party and raises money, hires staff, and coordinates strategy to support candidates throughout the state of Michigan for local, state, and national office.

39.     Upon information and belief, Defendant DNC coordinates and directs strategic initiatives directly with Defendants PDP, FDP, NCDP, MODP, VDP, ADP, MIDP and other state democratic parties, including in strategizing and focusing on voter registration drives, get-out-the-vote initiatives, canvassing, and phone calling.   Defendant DNC's coordination and direction includes directing Defendants PDP, FDP, NCDP, MODP, VDP, ADP, MIDP, along with other state democratic committees, to hire and retain organizers to assist in voter registration drives, get out the vote initiatives, canvassing, and phone calling.   Defendant DNC further directs Defendants PDP, FDP, NCDP, MODP, VDP, ADP, MIDP, along with other state democratic committees, regarding the qualifications and job duties of organizers, and further directs Defendants PDP, FDP, NCDP, MODP, VDP, ADP, MIDP, along with other state democratic committees, to classify organizers as overtime-exempt under state and federal law.

40.     Upon information and belief, many of the strategic initiatives for which organizers of PDP, FDP, NCDP, MODP, VDP, ADP, MIDP, as well as other state democratic parties, including Named Plaintiffs, perform job duties are initiatives which are designed and implemented by Defendant DNC and which are performed to benefit Defendant DNC.

41.     Upon information and belief, Defendants share resources and funds to assist in Defendant DNC's nationally coordinated campaign.

42.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.