## FLSA COLLECTIVE ACTION ALLEGATION

43.     Named Plaintiffs bring this action for violations of the FLSA as an individual action and as collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were employed as organizers or in job titles with similar duties, individually or jointly, by Defendants and all other state democratic committees, and who were classified by Defendants as "exempt" from the overtime requirements of the FLSA.

44.     Named Plaintiffs and Collective Action Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

45.     There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join the present lawsuit.

46.     Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

47.     Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

48.     Named Plaintiff Katz brings this action for violations of the Pennsylvania Minimum Wage Act and for civil conspiracy as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who performed worked or work as organizers or in similar positions in the Commonwealth of Pennsylvania who were treated as exempt from

overtime by Defendant DNC and/or Defendant PDP and who worked in this capacity at any point in the three (3) years preceding the date the instant action was initiated.

49.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff Katz does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least forty.

50.     Named Plaintiff Katz's claims are typical of the claims of the Pennsylvania Plaintiffs, because Named Plaintiff Katz, like all Pennsylvania Plaintiffs, was an employee of Defendants within the last three years in Pennsylvania, held the job title of "organizer," was classified by Defendants as an exempt employee, and was not paid overtime premiums for hours worked beyond 40 per workweek.

51.     Named Plaintiff Katz will fairly and adequately protect the interests of the Pennsylvania Plaintiffs because Named Plaintiff Katz's interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiff Katz has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

52.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant PDP's records.

53.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish

incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendants.

54.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether the duties of organizers qualify for any recognized exemption to overtime.

## MISSOURI CLASS ACTION ALLEGATIONS

55.     Named Plaintiff Olsen brings this action for violations of the Missouri Minimum Wage Act and civil conspiracy as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who performed worked or work as organizers or in similar positions in the state of Missouri who were treated as exempt from overtime by Defendant DNC and/or Defendant MODP and who worked in this capacity at any point in the three (3) years preceding the date the instant action was initiated.

56.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff Olsen does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least forty.

57.     Named Plaintiff Olsen's claims are typical of the claims of the Missouri Plaintiffs, because Named Plaintiff Olsen, like all Missouri Plaintiffs, was an employee of Defendants within the last three years in Missouri, held the job title of "organizer," was classified by Defendants as an exempt employee, and was not paid overtime premiums for hours worked beyond 40 per workweek.

15

58.     Named Plaintiff Olsen will fairly and adequately protect the interests of the Missouri Plaintiffs because Named Plaintiff Olsen's interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiff Olsen has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

59.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant MODP's records.

60.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendants.

61.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether the duties of organizers qualify for any recognized exemption to overtime.

## VIRGINIA CLASS ACTION ALLEGATIONS

62.     Named Plaintiff Glass brings this action for violations of the Virginia common law tort of civil conspiracy as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who performed worked or work as organizers or in similar

positions in the state of Virginia who were treated as exempt from overtime by Defendant DNC and/or Defendant VDP and who worked in this capacity at any point in the three (3) years preceding the date the instant action was initiated.

63.   The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff Glass does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least forty.

64.   Named Plaintiff Glass' claims are typical of the claims of the Virginia Plaintiffs, because Named Plaintiff Glass, like all Virginia Plaintiffs, was an employee of Defendants within the last three years in Virginia, held the job title of "organizer," was classified by Defendants as an exempt employee, and was not paid overtime premiums for hours worked beyond 40 per workweek.

65.   Named Plaintiff Glass will fairly and adequately protect the interests of the Virginia Plaintiffs because Named Plaintiff Glass' interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiff Glass has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

66.   No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant VDP's records.

67.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or

varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendants.

68.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether the duties of organizers qualify for any recognized exemption to overtime.

## NORTH CAROLINA CLASS ACTION ALLEGATIONS

69.     Named Plaintiff Price brings this action for violations of the North Carolina Wage and Hour Act and civil conspiracy as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who performed worked or work as organizers or in similar positions in the state of North Carolina who were treated as exempt from overtime by Defendant DNC and/or Defendant NCDP and who worked in this capacity at any point in the three (3) years preceding the date the instant action was initiated.

70.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff Price does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least forty.

71.     Named Plaintiff Price's claims are typical of the claims of the North Carolina Plaintiffs, because Named Plaintiff Price, like all North Carolina Plaintiffs, was an employee of Defendants within the last three years in North Carolina, held the job title of "organizer," was

classified by Defendants as an exempt employee, and was not paid overtime premiums for hours worked beyond 40 per workweek.

72.     Named Plaintiff Price will fairly and adequately protect the interests of the North Carolina Plaintiffs because Named Plaintiff Price's interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiff Price has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

73.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant NCDP's records.

74.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendants.

75.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether the duties of organizers qualify for any recognized exemption to overtime.

## ARIZONA CLASS ACTION ALLEGATIONS

76.     Named Plaintiff Torres brings this action for violations of the Arizona common law tort of civil conspiracy as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who performed worked or work as organizers or in similar positions in the state of Arizona who were treated as exempt from overtime by Defendant DNC and/or Defendant ADP and who worked in this capacity at any point in the three (3) years preceding the date the instant action was initiated.

77.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff Torres does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least forty.

78.     Named Plaintiff Torres's claims are typical of the claims of the Arizona Plaintiffs, because Named Plaintiff Torres, like all Arizona Plaintiffs, was an employee of Defendants within the last three years in Arizona, held the job title of "organizer," was classified by Defendants as an exempt employee, and was not paid overtime premiums for hours worked beyond 40 per workweek.

79.     Named Plaintiff Torres will fairly and adequately protect the interests of the Arizona Plaintiffs because Named Plaintiff Torres's interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiff Torres has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

80.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant ADP's records.

81.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendants.

82.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether the duties of organizers qualify for any recognized exemption to overtime.

## MICHIGAN CLASS ACTION ALLEGATIONS

83.     Named Plaintiff Ward brings this action for violations of the Michigan Workforce Opportunity Wage Act and civil conspiracy as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who performed worked or work as organizers or in similar positions in the state of Michigan who were treated as exempt from overtime by Defendant DNC and/or Defendant MIDP and who worked in this capacity at any point in the three (3) years preceding the date the instant action was initiated.

84.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff Ward does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least forty.

85.     Named Plaintiff Ward's claims are typical of the claims of the Michigan Plaintiffs, because Named Plaintiff Ward, like all Michigan Plaintiffs, was an employee of Defendants within the last three years in Michigan, held the job title of "organizer," was classified by Defendants as an exempt employee, and was not paid overtime premiums for hours worked beyond 40 per workweek.

86.     Named Plaintiff Ward will fairly and adequately protect the interests of the Michigan Plaintiffs because Named Plaintiff Ward's interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiff Ward has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

87.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant MDP's records.

88.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendants.

89.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the