questions of law and fact that are common to the class are whether the duties of organizers qualify for any recognized exemption to overtime.

## FACTUAL BACKGROUND

90. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

91. Named Plaintiff Katz was directly employed by Defendant PDP as a " field organizer" (a/k/a "organizer") from June of 2016 through August of 2016.

92. Named Plaintiff Smith was directly employed by Defendant FDP as a "field organizer" from June of 2016 through November of 2016.

93. Named Plaintiff Olsen was directly employed by Defendant MODP as a "field organizer" from June of 2016 through November of 2016.

94. Named Plaintiff Glass was directly employed by Defendant VDP as a "field organizer" from August of 2016 through October of 2016.

95. Named Plaintiff Price was directly employed by Defendant NCDP as a "Field Organizer" from May of 2016 through November of 2016.

96. Named Plaintiff Torres was directly employed by Defendant ADP as a "Field Organizer" from August of 2016 through November of 2016.

97. Named Plaintiff Ward was directly employed by Defendant MIDP as a "Field Organizer" from May of 2014 to November of 2014.

98. Upon information and belief, the state democratic parties, including Defendants PDP, FDP, NCDP, MODP, VDP, ADP, and MIDP are vertically integrated with DNC, and consequently, they are a joint employer of all organizers employed by all state democratic parties, including Defendants PDP, FDP, NCDP, MODP, VDP, ADP, and MIDP.

99. Upon information and belief, DNC is vertically integrated with all other state democratic committees and is consequently a joint employer of all organizers employed by any state democratic committee.

100. Collective Action Plaintiffs and the Pennsylvania, Florida, Virginia, North Carolina, Arizona, Michigan and Missouri Plaintiffs ("Class Plaintiffs") worked/work for Defendants during the last three years as organizers and/or field organizers.

101. Named Plaintiffs' job duties consisted of making phone calls to voters, assisting in voter registration efforts, soliciting volunteers, and canvassing. Named Plaintiffs' job duties further included accessing and entering data into the *Votebuilder*.

102. Named Plaintiffs' job duties included making calls to individuals who were outside the state Named Plaintiffs' were calling from.

103. *Votebuilder* is a national online database which contains information about every registered voter in each state. *Votebuilder* is exclusive to the Democratic organization and is used by every state Democratic Party. *Votebuilder is* standardized across states and campaigns.

104. Upon information and belief, *Votebuilder* is maintained in Washington DC.

105. By entering data into the *Votebuilder* system, Named Plaintiffs provided information across state lines while employed by Defendants.

106. *Votebuilder* is a common database maintained by Defendants and jointly operated and updated by all Defendants.

107. Defendants sell merchandise to the public, including T-shirts, hats, buttons, water bottles, posters, signs, and other items.

108. Defendants' annual revenue from selling merchandise exceeded $500,000 in 2016.

109. Defendants license and sell access and data from *Votebuilder* to candidates and other third party organizations.

110. Upon information and belief, the revenues generated from licensing and data sales from *Votebuilder* exceeded $500,000 in 2016.

111. Defendants are not a recognized charity by the IRS and do not engage in charitable pursuits.

112. Named Plaintiffs' job duties did not relate to the management or general business operations of Defendants.

113. Named Plaintiffs' job duties did not allow the use of discretion and independent judgment with respect to matters of significance.

114. Named Plaintiffs had non-exempt job duties at all time while employed by Defendants.

115. Collective Action and Class Plaintiffs' job duties consisted of making phone calls to voters, assisting in voter registration efforts, soliciting volunteers, and canvassing.

116. Collective Action and Class Plaintiffs' job duties did not relate to the management or general business operations of Defendants.

117. Named Plaintiffs regularly worked more than 12 hours per day and at times worked more than 14 hours per day.

118. Named Plaintiffs regularly worked 7 days per workweek.

119. Named Plaintiffs regularly worked more than 80 hours per workweek.

120. Defendants paid Named Plaintiff Katz a salary of $3,000 per month, and paid no extra compensation for any hours worked beyond 40 per workweek.

121. Defendants paid Named Plaintiff Smith a salary of $3,000 per month, and paid no extra compensation for any hours worked beyond 40 per workweek.

122. Defendants paid Named Plaintiff Olsen a salary of $2,500 per month, and paid no extra compensation for any hours worked beyond 40 per workweek.

123. Defendants paid Named Plaintiff Glass a salary of $3,000 per month, and paid no extra compensation for hours worked beyond 40 per workweek.

124. Defendants paid Named Plaintiff Price a salary of $3,000 per month, and paid no extra compensation for hours worked beyond 40 per workweek.

125. Defendants paid Named Plaintiff Torres a salary of $2,500 per month, and paid no extra compensation for hours worked beyond 40 per workweek.

126. Defendants paid Named Plaintiff Ward a salary of $2,500 per month, and paid no extra compensation for hours worked beyond 40 per workweek.

127. Upon information and belief, Collective Action and Class Plaintiffs regularly worked more than 40 hours per workweek.

128. Upon information and belief, Defendants paid Collective Action and Class Plaintiffs a salary, and paid no extra compensation for any hours worked beyond 40 per workweek.

129. Defendants received a significant economic benefit in not paying extra compensation to Collective Action and Class Plaintiffs for any hours worked beyond 40 per workweek by lowering their wage costs.

130. Defendants received a significant operational benefit by having Collective Action and Class Plaintiffs work beyond 40 hours per workweek without receiving additional overtime premium pay, as this allowed Collective Action and Class Plaintiffs to work significantly longer

hours than they could have worked if Defendants had been paying an hourly overtime premium for all hours worked over 40 per workweek.

131. Upon information and belief, Defendants intentionally and willfully failed to pay overtime premium pay in order to secure the economic and operational benefits outlined above.

## COUNT I
### Violations of the Fair Labor Standards Act
### (Failure to Pay Overtime)
### Named Plaintiffs and Collective Action Plaintiffs v. Defendants

132. The foregoing paragraphs are incorporated herein as if set forth in full.

133. At all times relevant herein, all state democratic parties, including Defendants PDP, FDP, NCDP, MODP, VDP, ADP, and MIDP were vertically and horizontally integrated with Defendant DNC and the other Defendants making them joint employers under the FLSA.

134. At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of the FLSA.

135. At all times relevant herein, Named Plaintiffs and Collective Action Plaintiffs were/are "employees" within the meaning of the FLSA.

136. The FLSA requires employers, such as Defendants, to compensate employees, such as Named Plaintiffs and Collective Action Plaintiffs, overtime at 1.5 times their regular rate for hours worked beyond 40 per workweek.

137. Defendants misclassified Named Plaintiffs and Collective Action Plaintiffs as exempt from the overtime mandate of the FLSA.

138. Named Plaintiffs and Collective Action Plaintiffs regularly worked more than 40 hours per workweek.

139. Defendants failed to pay any overtime premiums for work beyond 40 hours per workweek to Named Plaintiffs and Collective Action Plaintiffs.

140. Defendants willfully failed to compensate Named Plaintiffs and Collective Action overtime compensation.

141. As a result of Defendants' failure to pay overtime premiums for overtime worked to Named Plaintiffs and Collective Action Plaintiffs, Defendants have violated and continue to violate the FLSA.

**COUNT II**
**Violations of the Pennsylvania Minimum Wage Act**
**(Failure to Pay Overtime)**
**Named Plaintiff Katz and Pennsylvania Plaintiffs v. Defendants PDP and DNC**

142. The foregoing paragraphs are incorporated herein as if set forth in full.

143. At all times relevant herein, PDP was vertically integrated with DNC making PDP and DNC joint employers under the PMWA.

144. Defendants violated the PMWA by failing to pay overtime premiums for work in excess of 40 hours per workweek performed by Named Plaintiff and Pennsylvania Plaintiffs

145. As a result of Defendants' conduct, Named Plaintiff and Pennyslvania Plaintiffs have suffered damages.

**COUNT III**
**Violations of the Pennsylvania Common Law**
**(Civil Conspiracy)**
**Named Plaintiff Katz and Pennsylvania Plaintiffs v. Defendants PDP and DNC**

146. The foregoing paragraphs are incorporated herein as if set forth in full.

147. At all relevant times, as outlined above, Defendant PDP and DNC coordinated their employment policies and practices for organizers, including on issues of hours, pay, and activities performed by organizers, including the decision to not pay organizers overtime wages.

148. Defendant PDP and DNC intentionally failed to pay Named Plaintiff Katz and Pennsylvania Plaintiffs overtime wages due under FLSA and the PMWA.

149. Because of PDP and DNC's actions, Named Plaintiff and Pennsylvania Plaintiffs have suffered damages.

### COUNT IV
### Violations of the Missouri Minimum Wage Act
### (Failure to Pay Overtime)
### Named Plaintiff Olsen and Missouri Plaintiffs v. Defendants MODP and DNC

150. The foregoing paragraphs are incorporated herein as if set forth in full.

151. At all times relevant herein, MODP was vertically integrated with DNC making MODP and DNC joint employers under the MOMWA.

152. Defendants violated the MOMWA by failing to pay overtime premiums for work in excess of 40 hours per workweek performed by Named Plaintiff Olsen and Missouri Plaintiffs

153. Because of Defendants' conduct, Named Plaintiff Olsen and Missouri Plaintiffs have suffered damages.

### COUNT V
### Violations of the Missouri Common Law
### (Civil Conspiracy)
### Named Plaintiff Olsen and Missouri Plaintiffs v. Defendants MODP and DNC

154. The foregoing paragraphs are incorporated herein as if set forth in full.

155. At all relevant times, Defendant MODP and DNC coordinated their employment policies and practices for organizers, including on issues of hours, pay, and activities performed by organizers, including the decision to not pay organizers overtime wages.

156. Defendant MODP and DNC intentionally failed to pay Named Plaintiff Olsen and Missouri Plaintiffs overtime wages due under FLSA and the MOMWA.

157. Because of MODP and DNC's actions, Named Plaintiff Olsen and Missouri Plaintiffs have suffered damages.

### COUNT VI
### Violations of the Florida Common Law

**(Civil Conspiracy)**
**Named Plaintiff Smith and Florida Plaintiffs v. Defendants FDP and DNC**

158.   The foregoing paragraphs are incorporated herein as if set forth in full.

159.   At all times relevant herein, FDP and DNC coordinated their employment policies and practices for organizers, including on issues of hours, pay, and activities performed by organizers, including the decision to not pay organizers overtime wages.

160.   Defendant FDP and DNC intentionally failed to pay Named Plaintiff Smith and Florida Plaintiffs their overtime wages due under FLSA.

161.   Because of Defendants' conduct, Named Plaintiff and Florida Plaintiffs have suffered damages.

**COUNT VII**
**Violations of the North Carolina Wage and Hour Act**
**(Failure to Pay Overtime)**
**Named Plaintiff Price and North Carolina Plaintiffs v. Defendants NCDP and DNC**

162.   The foregoing paragraphs are incorporated herein as if set forth in full.

163.   At all times relevant herein, NCDP was vertically integrated with DNC making NCDP and DNC joint employers under the NCWHA.

164.   Defendants violated the NCWHA by failing to pay overtime premiums for work in excess of 40 hours per workweek performed by Named Plaintiff and North Carolina Plaintiffs

165.   Because of Defendants' conduct, Named Plaintiff and North Carolina Plaintiffs have suffered damages.

**COUNT VIII**
**Violations of the North Carolina Common Law**
**(Civil Conspiracy)**
**Named Plaintiff Price and North Carolina Plaintiffs v. Defendants NCDP and DNC**

166.   The foregoing paragraphs are incorporated herein as if set forth in full.

167. At all times relevant herein, NCDP and DNC coordinated their employment policies and practices for organizers, including on issues of hours, pay, and activities performed by organizers, including the decision to not pay organizers overtime wages.

168. Defendant NCDP and DNC intentionally failed to pay Named Plaintiff Price and North Carolina Plaintiffs their overtime wages due under FLSA.

169. Because of Defendants' conduct, Named Plaintiff and North Carolina Plaintiffs have suffered damages.

## COUNT IX
### Violations of the Virginia Common Law
(Civil Conspiracy)
**Named Plaintiff Glass and Virginia Plaintiffs v. Defendants VDP and DNC**

170. The foregoing paragraphs are incorporated herein as if set forth in full.

171. At all times relevant herein, VDP and DNC coordinated their employment policies and practices for organizers, including on issues of hours, pay, and activities performed by organizers, including the decision to not pay organizers overtime wages.

172. Defendant VDP and DNC intentionally failed to pay Named Plaintiff Glass and Virginia Plaintiffs their overtime wages due under FLSA.

173. Because of Defendants' conduct, Named Plaintiff and Virginia Plaintiffs have suffered damages.

## COUNT X
### Violations of Arizona Common Law
(Civil Conspiracy)
**Named Plaintiff Torres and Arizona Plaintiffs v. Defendants ADP and DNC**

174. The foregoing paragraphs are incorporated herein as if set forth in full.

175. At all times relevant herein, Defendants ADP and DNC coordinated their employment policies and practices for organizers, including on issues of hours, pay, and activities performed by organizers, including the decision to not pay organizers overtime wages.

176. Defendants ADP and DNC intentionally failed to pay Named Plaintiff Torres and Arizona Plaintiffs their overtime wages due under FLSA.

177. Because of Defendants' conduct, Named Plaintiff and Arizona Plaintiffs have suffered damages.

## COUNT XI
### Violations of the Michigan Workforce Opportunity Wage Act
**(Failure to Pay Overtime)**
**Named Plaintiff Ward and Michigan Plaintiffs v. Defendants MIDP and DNC**

178. The foregoing paragraphs are incorporated herein as if set forth in full.

179. At all times relevant herein, MIDP was vertically integrated with DNC making MIDP and DNC joint employers under the MWOWA.

180. Defendants violated the MWOWA by failing to pay overtime premiums for work in excess of 40 hours per workweek performed by Named Plaintiff and Michigan Plaintiffs

181. Because of Defendants' conduct, Named Plaintiff and Michigan Plaintiffs have suffered damages.

## COUNT XII
### Violations of Michigan Common Law
**(Civil Conspiracy)**
**Named Plaintiff Ward and Michigan Plaintiffs v. Defendants MIDP and DNC**

182. The foregoing paragraphs are incorporated herein as if set forth in full.

183. At all times relevant herein, Defendants MIDP and DNC coordinated their employment policies and practices for organizers, including on issues of hours, pay, and activities performed by organizers, including the decision to not pay organizers overtime wages.

184. Defendants MIDP and DNC intentionally failed to pay Named Plaintiff Ward and Michigan Plaintiffs their overtime wages due under FLSA.

185. Because of Defendants' conduct, Named Plaintiff and Michigan Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are a joint employer and/or single employer under the FLSA;

(2) Defendants PDP and DNC are a joint employer and/or single employer under the PMWA;

(3) Defendants MODP and DNC are a joint employer and/or single employer under the MMWA;

(4) Defendants MIDP and DNC are a joint employer and/or single employer under the MWOWA;

(5) Defendants NCDP and DNC are a joint employer and/or single employer under the NCWHA;

(6) The instant matter will be adjudicated on a class and collective basis on behalf of all individuals currently or formerly employed as organizers and field organizers by the DNC and/or any state democratic party, including the PDP, MODP, FDP, MIDP, ADP, NCDP, and VDP;

(7) Defendants are to be prohibited from continuing to maintain their policies, practices or customs in violation of state laws and principles of equity;

(8) Defendants are to compensate, reimburse, and make Named Plaintiff, Collective Action Plaintiffs, Pennsylvania Plaintiffs, Virginia Plaintiffs, Florida Plaintiffs, Arizona Plaintiffs, Michigan Plaintiffs, and Missouri Plaintiffs whole for any and all pay and benefits

they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings. Named Plaintiff, Collective Action Plaintiffs, Pennsylvania Plaintiffs, Virginia Plaintiffs, Florida Plaintiffs, Arizona Plaintiffs, Michigan Plaintiffs, and Missouri Plaintiffs should be accorded those benefits illegally withheld;

(9) Named Plaintiff, Collective Action Plaintiffs, Pennsylvania Plaintiffs, Virginia Plaintiffs, Florida Plaintiffs, Arizona Plaintiffs, Michigan Plaintiffs, and Missouri Plaintiffs are to be awarded liquidated damages as applicable under the laws they are suing under an amount equal to the actual damages in this case;

(10) Named Plaintiff, Collective Action Plaintiffs, Pennsylvania Plaintiffs, Virginia Plaintiffs, Florida Plaintiffs, Arizona Plaintiffs, Michigan Plaintiffs, and Missouri Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

(11) Any and all other equitable relief which this Court deems fit.

 

Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420

Fax: (856) 685-7417

Date: March 6, 2017

## DEMAND TO PRESERVE EVIDENCE

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's, Collective Action Plaintiffs', and Pennsylvania Plaintiffs' employment, to Named Plaintiff's, Collective Action Plaintiffs', and Pennsylvania Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.