IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETHANY KATZ, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 16-5800 |
| | : | |
| DNC SERVICES | : | |
| CORPORATION, et al., | : | |
|     Defendants. | : | |

## ORDER - MEMORANDUM

**AND NOW**, this 28th day of September 2017, upon consideration of Defendant Pennsylvania Democratic Party's ("PDP") Motion to Strike the Consent Forms (Dkt No. 23), Plaintiff's Response (Dkt No. 31), Defendant PDP's Reply (Dkt No. 36), and the representations made by counsel at the in-person status hearing on July 31, 2017, it is hereby **ORDERED** as follows:

1. Within twenty (20) days of the filing of this Order, Plaintiff's counsel is ordered to revise its webpage consistent with the directives contained herein and submit for this Court's approval, a curative notice that advises all opt-in plaintiffs of the website changes and the right of all said recipients to rescind their consent to opt-in.

2. To the extent that Defendant PDP wishes to assist in the modification of the Swartz Swidler LLC webpage, Plaintiff's counsel is directed to work collaboratively with Defendant PDP to make the necessary revisions.

### RELEVANT BACKGROUND

Plaintiff Bethany Katz commenced the instant action on November 9, 2016, alleging violations by the Pennsylvania Democratic Party and DNC Services Corporation of the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act. Plaintiff Katz alleges that she and others similarly situated were wrongfully designated as exempt employees under the FLSA

1

and PMWA and denied overtime pay for workweeks that exceeded forty hours. Shortly after commencing this action, Plaintiff Katz's counsel set up a webpage on its firm's site through which counsel provided information about the lawsuit. The webpage featured a "Consent Form" that putative plaintiffs could complete to "join" the collective action. Around this time, Plaintiff Katz also shared an article about her lawsuit against the PDP and DNC on her personal Facebook account and encouraged any former DNC organizers to read the shared publication. Within days of filing the Complaint, Plaintiff Katz began submitting the "Consent Forms" of dozens of out of state opt-in plaintiffs.

On December 22, 2016, Defendant Pennsylvania Democratic Party filed the instant Motion to Strike the Consent Forms and Order Plaintiff and Plaintiff's Counsel to Cease and Desist All Solicitations of Putative Plaintiffs. After months of delays and additional filings, this Court held an in-person status conference on July 31, 2017 to discuss several outstanding motions, including that which the Court considers herein. Defendant PDP argues that Plaintiff's solicitation of putative plaintiffs usurps the authority of this Court to oversee notice of putative class members and misleads former DNC employees about the posture of this case and their right to bring suit individually. Defendant PDP moves this Court to order Plaintiff and Plaintiff's counsel to cease and desist any further solicitations not authorized by this Court and to strike all Consent Forms filed before and after the filing of the instant Motion.

At present, nearly a year since the filing of this Motion, Plaintiff Katz has amended the Complaint twice, submitted upwards of thirty Consent Forms, and added six out of state Democratic parties as defendants. As yet, there has been no motion for conditional class certification.

<u>ANALYSIS</u>

Under the FLSA, "an action…may be maintained against any employer…in any Federal or State court of competent jurisdiction by any one or more employees for and [o]n behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The FLSA requires the written consent of all persons who seek to be a party plaintiff in any such action. <u>Id.</u> Following responsive pleadings and limited discovery, plaintiffs in a FLSA collective action generally petition the court for conditional certification of a class of "similarly situated" employees. <u>See generally</u>, <u>Siguenza v. Bayview Asset Mgmt., LLC</u>, No. 14-5336, 2015 U.S. Dist. LEXIS 78929 *1, *3-4 (E.D. Pa. June 17, 2015). Once the court makes a preliminary determination that a class should be conditionally certified, the parties generally work with the court to determine the means by which potential class members are noticed of the action. <u>Id.</u>

The power of the court to facilitate notice to putative class members is well established at the conditional certification stage. <u>Hoffmann-La Roche, Inc. v. Sperling</u>, 493 U.S. 165, 171 (1989) ("Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time."). But Plaintiffs in the instant action have yet to move for conditional certification, and the Court in <u>Hoffman-La Roche</u> "did not reach the issue of the district court's authority to manage *pre*-notice solicitations of potential claimants." <u>Maddox v. Knowledge Learning Corp.</u>, 499 F. Supp. 2d 1338, 1342 (N.D. Ga. 2007). This Court could not find and Defendant PDP fails to identify, binding precedent that guides the resolution of disputes over pre-certification solicitations of putative plaintiffs in FLSA collective actions. This Court therefore errs on the

side of less restriction and employs the general approach to limitations on party speech in the class action context.

Generally, "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." Gulf Oil Co. v. Bernard, 452 U.S. 89, 101 (1981).  The result should be a "carefully drawn order that limits speech as little as possible." Id. An acceptable limitation on communication between parties and putative class members is that which is "grounded in good cause and issued with a heightened sensitivity for [F]irst [A]mendment concerns." Kleiner v. First Nat'l Bank, 751 F.2d 1193, 1205 (11th Cir. 1985).

District courts have held, and this Court agrees, that a need for limitation exists where counsel's precertification statements are "factually inaccurate, unbalanced, or misleading." Maddox 499 F. Supp. 2d at 1344; see Jones v. Casey's Gen. Stores, 517 F. Supp. 2d 1080, 1089 (S.D. Iowa 2007) (holding that Plaintiffs' "one-sided, misleading communications with putative opt-in collective members…if permitted to continue, could easily have the effect of tainting the entire putative class and jeopardizing [the] entire litigation."); see also Bobryk v. Durand Glass Mfg. Co., No. 15-5360, 2013 U.S. Dist. LEXIS 145758 *1, *9 (D.N.J. Oct. 9, 2013) ("[T]he court agrees that the website still contains some misleading statements…Accordingly, the court orders Plaintiffs to modify the website to qualify or remove the conclusory language."). This Court thoroughly reviewed both Plaintiff Katz's Facebook post and the Swartz Swidler LLC webpage describing the action and purporting to provide an avenue for putative plaintiffs to join the case. After weighing the First Amendment rights of Plaintiff Katz and her counsel against the interests of this Court in preserving the integrity of this litigation and protecting prospective

parties from unbalanced and misleading statements, this Court finds that limited, tailored restriction is appropriate here.

As of its last viewing on September 25, 2017, the Court finds three statements on the Swartz Swidler LLC webpage objectionable. First, the first sentence of the fifth paragraph states: "The lawsuit seeks unpaid overtime on behalf of all organizers who worked directly for the DNC or who worked for any state democratic committee in the last three years." This Court finds that, as constructed, this sentence implies that Defendants' liability has been proven or is virtually uncontested as it relates to the issue of unpaid overtime. Defendants have made no concessions and the Court has yet to make any conclusions to that effect. If counsel wants to explain the relief sought in this litigation, it must do so in a way that accurately and explicitly characterizes Plaintiff Katz's claims as allegations yet unproven.

Next, the second sentence in the fifth paragraph states: "If you have worked as an organizer for the DNC or any state democratic committee, you can join the lawsuit by filing a consent form below." This Court has not made a preliminary determination that a class can be conditionally certified in this case, let alone decided which employees would qualify as "similarly situated." As such, it is misleading for Plaintiff's counsel to imply that any organizer employed by the DNC or any state democratic committee can be a party in this action. At best, pre-certification submission of a Consent Form expresses an individual's interest in becoming a party plaintiff, and counsel's website should reflect as much. It is very possible that if conditional certification is granted, the conditionally certified class will exclude some – or even many – of the plaintiffs that have opted-in over the past several months. All putative class members should be alerted to that fact.

Finally, the sixth and seventh sentences of the fifth paragraph presently read as follows: "[I]f you do not join, you will not be entitled to and will not be able to receive any money in this lawsuit as a result of any federal wage violations committed by the DNC or the state democratic parties. Thus if you wish to assert your rights and obtain compensation from the case, you must join the lawsuit." The Court commends counsel for revising its previous language to qualify all references to prospective plaintiffs' right to compensation as related to *this* case.  But in the interest of clarity, putative plaintiffs should be advised that if they decline to join this action, they are entitled to seek independent counsel and file suit individually. It is imperative that all putative plaintiffs know that a failure to join in this action does not strip them of their right to seek redress of any injury they feel they have sustained.

Within twenty (20) days of the filing of this Order Memorandum, Plaintiff's counsel is directed to make all of the above changes and draft a curative notice for the Court's approval. The notice should inform the recipients of each ordered change and advise that the Court grants each recipient leave to rescind his or her consent to opt-in by November 30, 2017. Upon Court approval of the notice, Plaintiff's counsel shall send the curative notice to each opt-in plaintiff who completed a Consent Form prior to the website modification that follows this Order. Any rescission of consent shall be docketed.

It is so ordered.

                                                    BY THE COURT:

                                                    /s/ C. Darnell Jones, II
                                                    C. Darnell Jones, II    J.