IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETHANY KATZ, *et al.*,<br><br>                    Plaintiffs,<br><br>        v.<br><br>DNC SERVICES CORPORATION<br>d/b/a DEMOCRATIC NATIONAL<br>COMMITTEE, *et al.*,<br><br>                    Defendants. | Civil Action No. 16-cv-05800(CDJ) |

**DEFENDANT PENNSYLVANIA DEMOCRATIC PARTY'S RESPONSE TO
PLAINTIFFS' MOTION TO APPROVE CURATIVE NOTICE**

Defendant Pennsylvania Democratic Party ("PDP"), by and through its undersigned counsel, respectfully submits this Response to Plaintiffs' Motion to Approve Curative Notice (D.E. 118). As detailed below, Plaintiffs' Counsel's proposed curative notice and website should be revised to remove their continued deficiencies and comply with the Court's Order dated September 28, 2017.

**PDP's Response to Plaintiffs' Counsel's Proposed Curative Notice**

Plaintiffs' Counsel's proposed curative notice does not indicate that this Court found counsel's website to include "**unbalanced and misleading statements**." *See* D.E. 116 at 5 (emphasis added). To make an informed decision, the receipients of the curative notice should not simply be informed that the prior website required *clarification*, but rather, clearly informed that the prior website specifically included *unbalanced and misleading statements*. Indeed, Plaintiffs' Counsel is not required "to clarify" its website (*see* D.E. 118-1 at 1) but correct it.

The proposed curative notice also states that "If you wish to remain in the case, you are not required to take any action at this time." *See* D.E. 118-1 at 1. However, these individuals are not actually "in the case" as party plaintiffs because no FLSA class has been conditionally certified. *See*, *e.g.*, D.E. 116 at 5.

Furthermore, the proposed curative notice should expressly state that "the Court" has granted each recipient of the notice "leave to rescind his or her consent." *See* D.E. 116 at 6. In its current form, the proposed notice does not include a statement that the Court has specifically granted leave to these individuals to rescind their purported consent form. *See* D.E. 118-1 at 1.

### PDP's Response to Plaintiffs' Counsel's Revised Website

Regarding the website itself, the Court's Order was not an open invitation to supplement with new and further misleading and unbalanced statements in a revised website. To the contrary, Plaintiffs' Counsel was ordered to "revise its webpage consistent with the directives" of the Court's Order, and the Court, in ordering Plaintiffs' Counsel to revise the website regarding any explanation of the relief sought in this litigation, expressly stated that Plaintiffs' Counsel "must do so in a way that accurately and explicitly characterizes Plaintiff Katz's claims as allegations yet unproven." *See* D.E. 116 at 1, 5. Instead, Plaintiffs' Counsel has used their opportunity to correct the inaccuracies in the website by replacing them with new misstatements and misreadings of PDP's (and other Defendants') positions and contentions. *See* www.dncovertimelawsuit.com (section entitled "**Litigation is not a guarantee**") (emphasis in original). In its order, the Court stated that "*If* counsel wants to explain the relief sought in this litigation, it must do so in a way that accurately and explicitly characterizates Plaintiff Katz's claims as allegations yet unproven." *See* D.E. 116 at 5 (emphasis added). Thus, Plaintiffs' Counsel was given the option to explain the relief sought, but it must be accurate. Plaintiffs'

2

Counsel was *not* awarded unbridled license to describe and define Defendants' positions and contentions and now they specifically ask this Court for it to "**approve the current website language** and approve the curative notice." *See* D.E. 118 at ¶ 11 (emphasis added). Defendants' positions and contentions speak for themselves in the filings submitted to this Court and, with this Court's involvement and oversight of Plaintiffs' Counsel's website, Plaintiffs' Counsel should not be permitted to, as they have, either directly misstate or selectively pick-and-choose (and thereby similar misstate) what they say about Defendants' position and contentions and they seek this Court's approval of those misstatements. Accordingly, this Court should direct Plaintiffs' Counsel to remove their manufactured summary and mischaracterizations of Defendants' positions and contentions, and eliminate any language from that section of their website following these statements: "As with all litigation, there is no guarantee that Plaintiffs will prevail. Plaintiffs' claims are yet unproven, and the relief they seek may ultimately not be granted." *See* D.E. 116 at 1.

The Court also explicitly found it misleading for Plaintiffs' Counsel "to imply that any organizer … can be a party in this action" or that this case is (or would be) certified. *See* D.E. 116 at 5. Plaintiffs' Counsel's revised website continues to run afoul of the Court's directives by improperly describing the parties, claims, and posture of the case and thereby misleading prospective parties. Specifically, the website refers to "those who opt in to the case" and claims that "Provided Plaintiffs are successful" they "may be entitled to recover several thousand dollars of [*sic*] more…" *See* www.dncovertimelawsuit.com (section entitled "**What the Lawsuit Seeks**") (emphasis in original). The website also states that "Provided that you submit a consent form, the Court grants certification and Plaintiffs are successful, you may be entitled to recover compensation." *Id.* (section entitled "**The Court has not yet ruled on class certification**")

3

(emphasis in original). These statements improperly presume that anyone who submits a consent form would be part of any future certification, a conclusion that PDP (and other Defendants oppose) and which the Court expressly disclaimed in its Order and identified as a "fact" to which all putative class members "should be altered"—that is, "This Court has not made a preliminary determination that a class can be conditionally certified in this case, let alone decided which employees would qualify as 'similarly situated.' . . . It is very possible that if conditional certification is granted, the conditionally certified class will exclude some – or even many – of the plaintiffs that have opted-in over the past several months." *See* D.E. 116 at 5. Accordingly, the Court should direct Plaintiffs' Counsel to remove the inaccurate and misleading statements in the revised website relating to opt-in forms or certification, and otherwise conform the language of their website with the language of the Court's Order.

## Conclusion

For all the foregoing reasons, this Court should direct Plaintiffs' Counsel to revise its website and modify the proposed curative notice, as set forth above and in accordance with the Order dated September 28, 2017 (D.E. 116).

Dated: November 2, 2017

Adam C. Bonin
The Law Office of Adam C. Bonin
30 S. 15th Street
15th Floor
Philadelphia, PA 19102
Telephone: (215) 864-8002
Fax: (215) 701-2321
adam@boninlaw.com

Respectfully submitted:
**FOX ROTHSCHILD LLP**
By: /s/ Colin D. Dougherty
Colin D. Dougherty
Jonathan D. Christman
10 Sentry Parkway
Suite 200
P.O. Box 3001
Blue Bell, PA 19422
Telephone: (610) 397-6500
Fax: (610) 397-0450
cdougherty@foxrothschild.com
jchristman@foxrothschild.com

*Attorneys for Defendant Pennsylvania Democratic Party*

## **CERTIFICATE OF SERVICE**

      I, Colin D. Dougherty, hereby certify that, on this date, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon interested parties.

                                      By: /s/ Colin D. Dougherty
                                              Colin D. Dougherty

Dated: November 2, 2017