# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BETHANY KATZ,** *et al.*, <br><br>　　　　　　**Plaintiffs,** <br>　　v. <br><br> **DNC SERVICES CORP.,** *et al.*, <br><br>　　　　　　**Defendant.** | **Case No. 16-5800** |

### DECLARATION OF JUSTIN L. SWIDLER, ESQ. IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE COLLECTIVE AND CLASS ACTION SETTLEMENT

I, Justin L. Swidler, Esquire, under penalties of perjury, hereby declare as follows:

1. I am a founding partner of the law firm of Swartz Swidler, LLC ("Swartz Swidler").

2. I have been one of the lawyers primarily responsible for prosecuting Plaintiffs' claims on behalf of the collective and class members.

3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

### Firm and Attorney Backgrounds (Fed. R. Civ. P. 23(g)(1)(A)(ii-iii))

4. Swartz Swidler is a six-attorney law firm founded in 2010 and located in Haddonfield, New Jersey outside of Philadelphia. Since its founding, Swartz Swidler has focused on representing plaintiffs in various employment law matters, including individual, collective and/or class litigation involving wage-and-hour claims.

5. I am a 2007 graduate of Duke University School of Law. I was admitted to the Pennsylvania and New Jersey state bars in the same year. I have been practicing employment litigation for the entirety of my 15-year legal career.

6. I am a member of good standing of the Pennsylvania and New Jersey state bars. I have been admitted to practice before the Eastern, Middle, and Western Districts of Pennsylvania, the District of New Jersey, the District of Nebraska, and the Court of Appeals for the Third, Sixth, Seventh, Eighth, and Ninth Circuits.

7. I have been admitted to practice *pro hac vice* in wage and hour actions in the Northern and Southern Districts of New York, the Northern District of Texas, the Southern District of West Virginia, the District of Utah, the Eastern and Western Districts of Arkansas, the Western District of North Carolina, the Eastern and Middle Districts of Tennessee, the Eastern District of Michigan, the Eastern District of Missouri, the Western District of Wisconsin, the Central District of California, and the Southern District of Indiana.

8. Since 2007, I have been actively engaged in the representation of plaintiffs in employment actions. Since 2010, my practice has emphasized the representation of plaintiffs in class and collective actions involving wage claims.

9. Courts around the country have recognized Swartz Swidler as being highly skilled in the area of the law collective and/or class action wage and hour law litigation. *See, e.g. Browne v. P.A.M. Transp., Inc.*, 2020 WL 4430991, at *2 (W.D. Ark. July 31, 2020) ("The litigation stretched over nearly four years and involved extensive motion practice, voluminous discovery, and numerous depositions. It presented novel questions of law. [Swartz Swidler and Co-Counsel Robert Soloff] proved themselves to be highly skilled and experienced in this particular area of litigation."); *Maddy v. General Electric Co.*, 2017 WL 2780741 at *7 (D.N.J. 2017) (finding Swartz Swidler and Co-Counsel Robert Soloff have substantial experience litigating wage and hour cases); *Campbell v. C.R. Eng., Inc.*, 2015 U.S. Dist. LEXIS 134235, *19-20 (D. Utah 2015) (finding Swartz Swidler "litigated [the FLSA collective action] for more than two years with

competence, diligence, and professionalism … [and finding] that [Swartz Swidler, LLC] has significant experience in litigating wage and hour cases"); *Salinas v. U.S. Xpress, Inc.*, 2018 WL 1477127, *6 (E.D. Tenn. 2018) ("Plaintiffs' counsel has substantial experience litigating complex wage and hour actions, including class actions and certified collective actions with tens of thousands of class members");; *McGee v. Anne's Choice, Inc.,* 2014 WL 2514582 *5 (E.D. Pa. 2014); *Keller v. T.D. Bank, N.A*., 2014 WL 5591033 *15 (E.D. Pa. 2014) (finding Swartz Swidler "represented the Named Plaintiffs and the prospective class competently, diligently, and with professionalism throughout the course of this litigation.").

10. Swartz Swidler lawyers have represented plaintiffs in several appeals that have resulted in precedential opinions in the area of employment law, including wage-and-hour litigation. *See, e.g., Stone v. Troy Construction, LLC*, 935 F.3d 141 (3d Cir. 2019); *Singh v. Uber Technologies Inc.*, 939 F.3d 210 (3d Cir. 2019).

11. Part of Swartz Swidler's mission is to advance the interests of workers and the public by enforcing the remedial statutes that protect workers, including the FLSA, and we take it seriously.

12. Since 2010, I have been led or co-lead counsel in more than 130 federal putative class and/or collective action lawsuits.

**Work Counsel has done in investigating and prosecuting this aciton (Fed. R. Civ. P. 23(g)(1)(A)(i and iv)**

13. The Parties have engaged in class-wide discovery.

14. I have analyzed and evaluated the merits of the claims in this action, conducted interviews with class and collective members, obtained and reviewed documents relating to Defendant's compensation policies and practices, filed numerous contested motions, participated

in numerous arguments before this Court, participated in mediation, and incurred over thousands of dollars in costs in prosecuting this action.  *See* Fed. R. Civ. P. 23(g)(1)(A)(i).

**All Representatives and Counsel believe the Settlement is fair, reasonable, and adequate and in the best interests of the class and collective members.**

15. Based upon my analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the Litigation, if not settled now, might result in a recovery less favorable than the Settlement, that any potential recovery would not occur for several years, that Defendant would appeal any adverse decision, I am satisfied that the terms and conditions of the Settlement are fair, reasonable, and adequate and that the Settlement is in the best interests of the class and collective members.

16. The Named Plaintiff has been instrumental in bringing this action forward and obtaining the settlement now placed before the Court. She has provided significant information to Plaintiff's counsel prior to and during the litigation, and communicated regularly with counsel during the pendency of the action.

17. Attached as Exhibit 1-A is a true and correct copy of the Settlement Agreement, including all attachments thereto.

**Angeion Group, LLC**

18. The Parties have agreed that Angeion Group should be appointed to act as the settlement administrator, who will be responsible for sending the settlement notices, calculating payments due to class members, providing tax documents, and other necessary work typically performed by class administrators.  Angeion has submitted a costs-estimate to administer the settlement of $109,325 and has agreed to cap its costs at $150,000.

19. I declare, under penalties of perjury, that the foregoing is true to the best of my information and belief.

                                                                  Respectfully submitted,

                                                                  */s/ Justin L. Swidler*
                                                                  Justin L. Swidler, Esq.

Dated: January 7, 2023