IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETHANY KATZ, *et al.*, | : | |
| *Plaintiffs* | : | CIVIL ACTION |
| v. | : | |
| | : | |
| DNC SERVICES CORPORATION, *et al.*, | : | |
| *Defendants* | : | No. 16-5800 |

## ORDER

AND NOW, this 5th day of February 2024:

WHEREAS Plaintiffs Bethany Katz, Ryan Glass, Scott Ward, and Thomas Olsen (together, "Plaintiffs") brought claims in this Court on behalf of themselves and all similarly situated persons, and have entered into a Settlement Agreement with Defendant Pennsylvania Democratic Party dated January 23, 2023 (Doc. No. 240), as amended by Order of the Court on April 28, 2023 (Doc. No. 247) (together, the "Settlement Agreement"); and

WHEREAS the Court granted preliminary approval of the Settlement Agreement on April 14, 2023 (Doc. No. 245); and

Upon consideration of the Plaintiffs' Unopposed Motion for Settlement, Attorneys' Fees, Approval of Administrator Costs, and Service Payment (Doc. No. 248), the Declaration of Justin Swidler in Support of Plaintiffs' Motion for Final Approval of the Class and Collective Action Settlement and Related Relief (Doc. No. 248-2), the Declaration of Markus Bulthuis Regarding Notice and Settlement Administration and the Notice of Class Action Settlement attached thereto (Doc. No. 248-3), the preliminary approval hearing held on January 24, 2023, the fairness hearing held on October 17, 2023, and the Declaration of Justin Swidler in Support of Plaintiffs' Motion for Final Approval of the Class and Collective Action Settlement and Related Relief (Doc. No.

1

253), it is hereby **ORDERED** that the Motion (Doc. No. 248) is **GRANTED** as outlined in the accompanying Memorandum and as follows:

1. The Court has jurisdiction over the subject matter of this action.

2. Terms used in this Order that are defined in the Settlement Agreement, unless otherwise defined herein, have the same meanings in this Order as in the Settlement Agreement.

3. The following Settlement Class, which is defined in the Settlement Agreement that was conditionally certified in the Court's Order granting preliminary approval of the Settlement Agreement (Doc. No. 245), is certified for settlement purposes only as follows:

   > All persons who worked for the Pennsylvania Democratic Party in Pennsylvania from November 9, 2013, to December 31, 2021 in a Field Organizer capacity (the "Covered Position"). The Settlement Class Members include all persons identified through the Pennsylvania Democratic Party's payroll records (the "Data") for whom the Data reflect any work hours in a Covered Position since November 9, 2013 to December 31, 2021.

4. The Court finds that Andre Deoliveira, Andrew Payne, Kiley Kinnard, and Daniel Powers timely and validly opted out of the Settlement Agreement and are not to be considered members of the Settlement Class.

5. The Court finds, as discussed in the accompanying Memorandum, that the Settlement Class satisfied the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure. The Settlement Class is adequately defined and ascertainable. The Settlement Class is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Named Plaintiff are typical of the claims of the Settlement Class, and the Named Plaintiff will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any

questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. Notice of the Settlement Agreement to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided, and such notice has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfied Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e) and due process.

7. As discussed in the accompanying Memorandum, the Court finds that the Settlement Agreement is sufficiently fair, reasonable, and adequate to the Settlement Class pursuant to Federal Rule of Civil Procedure 23(e). The Court's analysis of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), and the factors set forth in *In re Prudential Insurance Co. American Sales Practice Litigation Agent Actions*, 148 F.3d 283 (3d Cir. 1998), as appropriate, leads to the conclusion that the relevant considerations weigh in favor of finding the Settlement Agreement fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e).

8. The Settlement Agreement is **FINALLY APPROVED** pursuant to Federal Rule of Civil Procedure 23(e) as fair, reasonable, and adequate, and the parties are **DIRECTED** to consummate the Settlement Agreement in accordance with its terms.

9. Class counsel's request for attorneys' fees equal to one-third of the Settlement Fund, totaling $1,166,666, is **GRANTED**.

10. Class counsel's request for reimbursement of out-of-pocket costs totaling $10,776.41 is **GRANTED**.

11. The Settlement Administrator, Simpluris, is **DIRECTED** to issue payments and administer the Qualified Settlement Fund in accordance with the terms of the Settlement Agreement.

12. The request to allow the Settlement Administrator, Simpluris, to set aside amounts from each installment payment as provided in Section 4.2 of the Settlement Agreement, as modified by the parties' proposed stipulation (Doc. No. 246-2) and the Court's Order approving that stipulation (Doc. No. 247), as payment for the Settlement Administrator's services, not to exceed $86,103, is **APPROVED**.

13. The service payment of $10,000 to Named Plaintiff Bethany Katz is **APPROVED**.

14. The above-captioned matter is **DISMISSED WITH PREJUDICE**, in accordance with Section 17.1 of the Settlement Agreement.

15. The Clerk of Court is **INSTRUCTED** to close this matter for all purposes, including statistics.

16. The United States District Court for the Eastern District of Pennsylvania shall retain jurisdiction over the implementation, enforcement, and performance of the Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, motion, proceeding, or dispute arising out of or relating to the Settlement Agreement.

BY THE COURT:

_____
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**

4